## In re LEBRECHT.

(District Court, W. D. Texas, Waco Division. March 14, 1905.)

No. 452.

BANKRUPTCY—RECOVERY OF FUNDS—TITLE.

  Where, in a proceeding by a bankrupt's trustee to recover money from the manager of one of the bankrupt's stores, the answer, admitted to be true, alleged that prior to the bankruptcy there were mutual accounts between defendant and the bankrupt, and that defendant applied to the payment of the balance due him by the bankrupt for salary the sum of $425.52, which he was authorized to do in accordance with his custom, and under an agreement with the bankrupt when he undertook the management of the business, the money so applied did not belong to the bankrupt's estate at the time the petition was filed, and could not, therefore, be recovered in such proceeding.

In Bankruptcy.

Rice & Bartlett, for bankrupt.

T. F. Bryan, for trustee.

MAXEY, District Judge. On October 8, 1904, the receiver in this case filed his application, alleging that Jerry Knowles, who was found in charge of the store of Lebrecht, the bankrupt, had collected and refused to surrender certain property of the bankrupt, consisting of about $500 in money and notes and mortgages, not specifically enumerated; and he prayed an order requiring Knowles to appear and show cause why he should not be compelled to turn over the property to him, as receiver. Knowles duly appeared, and, in reply to the rule to show cause, averred, in brief, that he was the manager of Lebrecht's store which was located at Chilton, Falls county, Tex., and had authority from Lebrecht to conduct and manage the business, including the authority to employ and pay employés. It was further averred that there were mutual accounts between him and Lebrecht, and that on October 3, 1904, he applied to the payment of the balance due himself by Lebrecht as salary the sum of $425.52, leaving a balance due the bankrupt's estate of $8.93, which he admits should be surrendered to the receiver. He further averred that he had taken from L. Livingston, a customer of the store, a duebill for $7.15, and from Boy Landrum a duebill for $59.30, and tendered the same to the receiver as the property of the bankrupt's estate. The answer of Knowles further averred that he settled his account with Lebrecht prior to the filing of the petition in bankruptcy, and that his application of the moneys as above stated in payment of his salary was made in accordance with his custom as manager of the store, and pursuant to the agreement entered into between him and Lebrecht when he undertook the management of the business. The averments of Knowles' answer were admitted by the receiver to be true, with the exception of a small item of money, not necessary to be noticed. The petition on the part of creditors to have Lebrecht adjudged bankrupt was filed October 5, 1904, and, as has been shown, the settlement of accounts between Lebrecht and Knowles was made October 3d, two days prior to the

filing of the petition. The referee, upon the facts as set out in Knowles' answer, entered an order requiring him to pay over to the receiver "the sum of $404.52, the amount of money as shown by his answer to have been received by him on account of the bankrupt herein on October 3d and 4th, and, further, two duebills—one of L. Livingston, for $7.15, and one of Boy Landrum, for $59.30—within 5 days from this date." The question to decide is whether the order of the referee was one proper to be made.

In passing upon the question, the case as actually made by the application of the receiver and the answer of Knowles must be kept steadily in view. What is that case? It is not a proceeding to set aside a preference, nor one to avoid a transfer for fraud. But its purpose is to require the surrender by Knowles of money and duebills belonging to the bankrupt's estate. The answer of Knowles—admitted to be true—shows that prior to the filing of the petition in bankruptcy he had settled his account with Lebrecht, and therefore the title to the money had passed from Lebrecht to himself. Hence the money did not belong to the estate of the bankrupt at the date the petition in bankruptcy was filed, and, under the allegations of the receiver's application, it could not be recovered. Whether its recovery could be effected by a proceeding to set aside a preference or avoid a transfer for fraud need not now be decided, since the question is not here involved. The only question at present determined is that the proof fails to support the case made by the receiver in his application.

The order of the referee, therefore, so far as it requires the payment by Knowles to the receiver of $404.52, should be reversed, except as to the sum of $8.93, and as to the latter sum the order should be affirmed; and the order should also be affirmed in so far as it requires Knowles to surrender to the receiver the duebill of L. Livingston for $7.15, and that of Boy Landrum for $59.30. It is accordingly so ordered.