## In re HAUPT BROS.

(District Court, S. D. New York. April 15, 1907.)

BANKRUPTCY—POWERS OF COURT—PROPERTY FRAUDULENTLY TRANSFERRED.

Where it clearly appears, in an involuntary proceeding in bankruptcy, before adjudication, from the examination of persons to whom the alleged bankrupt has transferred property, that such transfers were fraudulent, and that the property will be recoverable by the trustee when appointed, under Bankr. Act July 1, 1898, c. 541, § 67e, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449], as amended by Act Feb. 5, 1903, c. 487, § 16, 32 Stat. 800 [U. S. Comp. St. Supp. 1905, p. 690], the court of bankruptcy has power, without the institution of a plenary suit therefor by the creditors, to direct its receiver to take possession of and hold the property pending suit, when such action is obviously necessary to prevent its loss to the estate.

In Bankruptcy. On motion that receiver be directed to take into his possession, pending adjudication, certain property in the possession of the persons proceeded against.

James, Schell & Elkus, for the motion.

Maurice M. Greenstein, opposed.

HOUGH, District Judge. A few days before the filing of a petition against Haupt Bros., they sold their stock in trade and assigned their open accounts to one Samuel Schachter. The sale was in bulk, the grantors were retail merchants, and their actual fraud and fraudulent intent entirely clear. Schachter borrowed part of the money paid to the Haupts from Schachter & Son, a firm composed of his father and brother, and shortly after the sale was consummated he repaid that debt with goods obtained by the purchase. Immediately after selling out to Schachter, the alleged bankrupts disappeared. The subpœna is in process of service by publication, but no adjudication has yet been entered. A receiver having been appointed, Samuel Schachter and his brother have been examined, under section 21a, Act July 1, 1898, c. 541, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3430], and from their own testimony it appears that if all the Schachters did not have actual knowledge of Haupt's fraud, and did not actively participate therein, they had far more than reasonable cause to perceive and believe Haupt's fraudulent intent. Certain of the goods received from the sale referred to are still in the possession either of Samuel Schachter or Schachter & Son. The solvency of the Schachter family seems very doubtful. Motion is now made to direct the receiver to take into his possession the goods so found, and likewise the open accounts; to keep the former and collect the latter, pending adjudication and subsequent suit by the trustee to set aside the sale above described.

Under section 67e there is a probability almost amounting to certainty that the transaction above outlined is null and void against creditors, and there is almost absolute certainty that, unless the property in question be now impounded, suit by the trustee will be futile. To this situation all the reasoning of Horner & Gaylord Co. v. Miller, 17 Am. Bankr. Rep. 257, 147 Fed. 295, seems to me to apply. Before adjudication the institution of a suit in this court by some of Haupt's creditors appears wholly unnecessary. The transaction complained of

is, I believe, void as against creditors, and, of course, equally void as against the trustee to be appointed. The filing of the involuntary petition is in itself the institution of an action, and it is just as plenary an action within the limitations imposed by the statute as is any other proceeding at law or in equity. It is familiar law that property is impounded to await the result of litigation by process, warrant, or order based upon ex parte affidavits. In this case the court is moved by the depositions of the substantial defendants themselves.

As against the Schachters, the motion is granted; order to be settled upon notice. The remedy here asked for is confessedly a most drastic one. It should never be used, except in the clearest case, and to prevent obvious loss through equally obvious fraud. I am not convinced that by his own statement the fourth party proceeded against (Abraham Newman) stands in the same position as do the other three, and as to him the motion is denied.