## In re SCHACHTER et al.

(District Court, S. D. New York. May 14, 1909.)

1. BANKRUPTCY (§ 409*)—GROUNDS FOR REFUSAL OF DISCHARGE—FAILURE TO KEEP BOOKS.

Under Bankr. Act July 1, 1898, c. 541, § 14b, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), as amended Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 (U. S. Comp. St. Supp. 1907, p. 1026), any failure by a bankrupt to keep books "with intent to conceal his financial condition" defeats his right to a discharge, whatever its actual effect on creditors may have been.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 752; Dec. Dig. § 409.*]

2. BANKRUPTCY (§ 409*)—GROUNDS FOR REFUSAL OF DISCHARGE—FAILURE TO KEEP BOOKS.

The failure of a mercantile firm to make any entry in its books of a comparatively important purchase of goods a short time before its bankruptcy, of a kind different from those in which it generally dealt, held to have presumptively been with intent to conceal its financial condition, and to deprive the partners of the right to a discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 752; Dec. Dig. § 409.*]

3. BANKRUPTCY (§ 408*)—GROUNDS FOR REFUSAL OF DISCHARGE—PARTNERSHIP—CONCEALMENT OF ASSETS BY ONE PARTNER.

The concealment of firm assets by one member of a partnership alone will not deprive another partner of his right to a discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 735; Dec. Dig. § 408.*]

4. BANKRUPTCY (§ 414*) — RIGHT TO DISCHARGE — FAILURE TO KEEP BOOKS — BURDEN OF PROOF.

To entitle a member of a partnership to a discharge notwithstanding the fact that the firm failed to keep proper books with the intent on the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

part of some member to conceal its financial condition, the burden rests on him to prove that he was innocent of participation therein.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 720; Dec. Dig. § 414.*]

In Bankruptcy.· On applications for discharge.

Mr. Levis, for creditors.

Mr. Goldsmith, for bankrupts.

HOUGH, District Judge. It is found by the master that about four months before bankruptcy the firm of M. Schachter & Son, composed of the above-named bankrupts, loaned to a brother (one Samuel Schachter) $850; that he with this money purchased in bulk a stock of goods from Haupt Bros. (who promptly became bankrupt themselves); and that thereafter Samuel Schachter sold the said goods to this bankrupt firm for $950, whereupon the firm canceled its loan to Samuel and paid him $100 additional. No entry of any kind regarding this transaction was made in the books of the firm, and the goods thus bought were not of the kind in which the partnership habitually dealt. · This transaction has been the subject of investigation in this court before now. Re Haupt Bros. (D. C.) 18 Am. Bankr. Rep. 585, 153 Fed. 239.

That the transaction in question has been declared a fraud upon the creditors of Haupt Bros. is of course not important, but if it be assumed (for the purposes of argument) that the Schachters regarded the operation as a legitimate business enterprise, it was by no means inconsiderable in view of the volume of their transactions, and the question therefore arises whether this omission from their books of account was done "with intent to conceal their financial condition." The master's report states that there was no "intent to conceal financial condition," because a knowledge of this purchase would have been of no benefit to the creditors. The same might be said of almost any omission to make entries in a merchant's books of account. The statute does not proscribe only such entries or omissions as are detrimental to creditors, but any failure to keep books "with intent to conceal financial condition." Re Hanna (C. C. A.; Feb. 16, 1909) 168 Fed. 238. No reasonable excuse for this failure to enter an important transaction is assigned by either of the bankrupts, and the court is left to infer intent from what the bankrupts actually did and the motives reasonably to be assigned for their acts. What they actually did was to keep a set of books which failed to show the receipt of goods presumably worth more than $950, and the expenditure of this not inconsiderable sum of money. What motive could exist for this course of action? None has been or can be assigned except a desire to conceal as much as possible the fact that they were dealing in goods unsuitable to their ostensible business, and procured in pursuance of· an agreement branded as fraudulent by the courts, whatever might have been their view of the morality of the transaction. These may have been very good reasons from some points of view, but such reasons or motives could not exist without a resulting intent and desire

to conceal the financial condition that necessarily followed this investment. It seems to me, therefore, that the act committed by the bankrupts is entirely within the Hanna decision, supra, and that the discharge must be refused under the specification alleging failure to keep books.

The master advises the refusal of a discharge to Abraham Schachter on the ground of active concealment of assets, i. e., appropriation thereof by himself. I see no reason for disturbing the master's finding that Abraham alone was concerned in the concealment of assets. I believe it to be settled in this district that, where one of several partners has alone committed such fraud as requires the refusal of a discharge in bankruptcy, his act will injure only himself (so far as the right to discharge is concerned), even though his partners as well as himself will remain civilly liable for the pecuniary consequences of the fraud wrought by one. Re Dresser (D. C.) 13 Am. Bankr. Rep. at 637, 144 Fed. 318. I therefore concur in the master's finding that Meyer Schachter should not be refused discharge by reason of the acts of Abraham in concealing goods.

It remains, however, to consider whether Meyer can escape the consequences of a failure to properly keep the firm books, even though (as found by the master) he knew nothing about the books, was engaged in the manufacturing portion of the business alone, and left the countinghouse wholly to Abraham. It may be that a firm business can be so separated into departments that some partners are wholly ignorant not only of what is done, but what ought to be done, in departments not their own. And it may follow from this that one partner may be so ignorant of bookkeeping as to escape the effects in bankruptcy of a failure to keep or properly keep the books of his own business. But the courts must start with the general proposition that the act of one partner in respect of partnership transactions is, if not the act of all, at least an act for which all are responsible. Any partner claiming exemption from this rule must at least accept the burden of proof and affirmatively show his innocence or ignorance of the wrongdoing of his fellow. It is seldom that this court varies a finding of fact made by a referee or special master; but in this case I am unable to discover any evidence upon which the master's finding of innocence and ignorance on the part of Meyer Schachter can be sustained.

At the hearing on the specifications Meyer did not testify at all, and the evidence on which the finding is based appears to be that of Abraham Schachter, who, being himself convicted of wrongful omissions from the books of account which he supervised in conjunction with the above-named brother, Samuel, and also of personal concealment of assets, deposed, in substance, as follows:

"I had charge of the business conducted by M. Schachter & Son. My father (Meyer) was in the factory when he was downtown; he wasn't well. I kept the books of account; my father didn't have anything to do with the keeping of the books. The entries in the books are most of them in my handwriting, and, when not in mine, in the handwriting of my brother, Sam."

A reference to the testimony of Meyer Schachter taken before the commissioner under section 21a, Bankr. Act July 1, 1898, c. 541, 30

Stat. 552 (U. S. Comp. St. 1901, p. 3430), shows him to be a man who had successfully conducted business before the establishment of this bankrupt firm, who maintained bank accounts and invested his savings. Without expressing any opinion as to how far any member of a firm which fails to keep books of account or properly keep books of account with the intent on the part of any of the partners to conceal the firm's financial condition can escape the consequences of this act, I am of opinion that the testimony in this case affords no basis for a finding that Meyer Schachter knew nothing of the bookkeeping sins, whether of commission or omission, of the firm of which he was the head.

When it was once shown that the books were wrong and that a wrongful intent existed on the part of one partner, the burden of proof was on the other partner to show his innocence. This burden Meyer Schachter has not even endeavored to bear, and his discharge must be refused on the ground of failure to keep proper books, and the discharge of Abraham Schachter be likewise refused on that ground, as well as upon the ground reported by the master of active concealment of assets.