McKENNA v. RANDLE et al.

(First Division.   Juneau.   February 28, 1917.)

No. 1585–A.

1. BANKRUPTCY ⬅︎11—UNITED STATES DISTRICT COURT FOR ALASKA
   —JURISDICTION.
   The general equity jurisdiction of the United States district
   court for Alaska is not to be confounded with the equity juris-
   diction of the United States district court for Alaska in bank-
   ruptcy.  These courts have one and the same name, but they are
   created . by  separate  and  distinct  acts  of  Congress  (and  said
   acts were passed in pursuance of constitutional powers entirely
   different from each other).  Each court has its own jurisdiction
   and its own method of procedure.

2. EVIDENCE ⬅︎40, 44—JUDICIAL NOTICE.
   Courts will take judicial notice of the power of a bankruptcy
   court to appoint a receiver, and will assume that the appoint-
   ment was regularly made.  The court knows the nature and ex-
   tent of his powers when appointed, for these are matters of
   "public law."  The court is bound to know that, although a re-
   ceiver has no title to property in the sense of ownership, yet
   that he is held to the performance of certain duties and clothed
   with power to perform those duties.  The court is bound to .
   know that it is the duty of such receiver to collect, protect, and
   preserve all the property of the bankrupt, so that it may be de-
   livered to the trustee when appointed, and that, if he is remiss
   in his duties, he is liable on his bond.

3. BANKRUPTCY ⬅︎115—RECEIVER—POWERS.
   A receiver in bankruptcy may sue out an attachment, or
   bring an action to prevent the statute of limitations from run-
   ning, or sue at law to recover any debt or personal property
   which might be lost, and certainly, if the interposition of equity
   is necessary to enable him to prevent loss or waste of assets, he
   has the right to bring a suit for that purpose.

Gunnison & Robertson, of Juneau, for plaintiff.

John Rustgard and J. H. Cobb, both of Juneau, for de-
fendants.

JENNINGS, District Judge.   This is a suit brought in this
court by a receiver appointed by a bankruptcy court, seeking
aid from this court to enable him to perform the duty with
which he is charged by statute.

⬅︎See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

I think the bankruptcy court, which appointed the plaintiff as its receiver, had full powers to make all orders necessary or proper in the premises (In re Knopf [D. C.] 144 Fed. 245), and I am at a loss to understand why the interposition of this court is sought.

The general equity jurisdiction of the United States district court for Alaska is not to be confounded with the equity jurisdiction of the United States court for Alaska in bankruptcy. It is true that these courts have one and the same name, but they were created by separate and distinct acts of Congress (and said acts were passed in pursuance of constitutional powers entirely different from each other). Each court has its own jurisdiction, both in the essential significance of the term "jurisdiction," as meaning power, and in the "territorial extent" of jurisdiction, and each court has its own method of procedure.

But nevertheless the suit is here, and the underlying question is whether or not this court, in the exercise of its general equity powers, can and should entertain it.

Defendant demurs on three grounds, to wit: (1) Plaintiff has no legal capacity to sue; (2) this court has no jurisdiction; (3) the complaint does not state facts.

As to the first two grounds: It is alleged in the complaint (and by the demurrer the allegation is admitted) that plaintiff is the receiver appointed on petition by a bankruptcy court, before adjudication of bankruptcy, and consequently before appointment of a trustee. It is also so alleged, and so admitted, that Randall is a bankrupt and has illegally conveyed this leasehold, and that the estate which should go for distribution among creditors under the Bankruptcy Act is in danger of being wasted or lost.

This court is bound to take notice of the power of the bankruptcy court mentioned in the complaint to appoint a receiver, is bound to assume that the appointment was regularly made, and bound to know the nature and extent of the powers and duties of a receiver so appointed, for these are matters of "public law." This court is bound to know that, although such receiver has no title to property in the sense of ownership, yet that he is held to the performance of certain duties and clothed with power to perform those duties. This court is bound to know that it is the duty of such receiver to collect,

protect, and preserve all the property of the bankrupt, so that it may be delivered to the trustee when appointed, and that, if he be remiss in his duties, he is liable on his bond.

Being so bound, it would be the height of absurdity to deny the receiver access to the courts to enable him to perform his duties under his appointment. He may sue out an attachment, or bring an action to prevent the statute of limitations from running, or sue at law to recover any debt or personal property which might be lost, and certainly, if the interposition of equity is necessary to enable him to prevent loss or waste of assets, he has the right to bring a suit for that purpose. In Re Fixen & Co. (D. C.) 96 Fed. 753, it is said:

"The duty of a receiver is 'to take charge of the property of bankrupts.' If an action at law or suit in equity is necessary to the accomplishment of that purpose, the receiver, not only has the power, but it is his duty, to institute such action or suit. To say that he cannot resort to legal proceedings when necessary to take charge of the property of the bankrupt, while conceding that he may employ all other suitable agencies and instrumentalities for the purpose, is wholly illogical. Legal proceedings are sometimes the only means whereby the property of bankrupts can be preserved. Suppose that an estate consists of personal property, which has come into the hands of wrongdoers, who are about to secrete it or carry it beyond the jurisdiction of the court. Can it be seriously claimed in such a case that the receiver must sit quietly by and suffer the property to be irretrievably lost, on the ground that his functions are limited to the receipt of such property as may be voluntarily surrendered to him? The statement of the claim is its refutation."

This is not proclaiming that he has a right to bring a suit to set aside a fraudulent transfer. Such a suit can only be maintained by the trustee, if he deems it wise or profitable for the estate so to do; but, pending the appointment of a trustee, the receiver certainly has the power, when he thinks it probable that such a suit would be instituted and successfully maintained, by the trustee, to safeguard the bankrupt's property to the end that such a suit when brought by the trustee shall not be fruitless.

"When necessary for its preservation, the court may direct him to take possession of property, although the same is held adversely under a claim of right—property so situated that the trustee can only recover it by a plenary action." In re Dempster, 172 Fed. 358, 97 C. C. A. 51.

It will be noted that the suit at bar is not one to set aside the transfer, for only a trustee could maintain such a suit, but it is to preserve the property for the trustee's decision.

The case of Horner Gaylord Co. v. Miller and Bennett (D. C.) 147 Fed. 295, is like the case at bar, except that the action was brought by the creditors who were the petitioners in bankruptcy, and the court there enunciates the considerations which should govern, as follows:

"So long as there is doubt about the integrity of the transfer, and imminent danger of the loss, waste, or dissipation of the property is not apparent, then the rule by which the court should control its action would seem clearly to be to await the regular course of procedure and allow the trustee, after his appointment, to institute suit to test the transfer's integrity. But where the facts clearly indicate a dishonest, fraudulent, and corrupt character of transfer and an imminent danger of loss and dissipation of the property, then, under authority of this express provision, it seems to me the bankrupt court would violate every principle of equity and good conscience if it did not act, and act promptly, just as courts of equity have always done in such cases for centuries. It therefore reduces itself, as is so often the case in equitable proceedings, to an appeal to the wise discretion of the court under the particular facts arising in each case."

I do not think that there is any doubt that the plaintiff has capacity to sue, and that this court has jurisdiction to entertain the complaint. That being so, the only remaining ground of demurrer is this:

"That the complaint does not state facts sufficient to constitute a cause of action."

Just what particular relief can be granted the court is not at present called on to say. It might be that this court will have to appoint its own receiver to sequester these rents for the receiver in bankruptcy, plaintiff in this case, if, on the hearing, the latter be found to be entitled to hold; but in any event there is an equity to restrain Mrs. Randall from assigning the lease to some innocent third person, and so further complicating matters, and from dissipating the rents, so that she cannot respond.

The demurrers will be overruled