# BINGAMAN v. COMMONWEALTH TRUST CO. et al.

(District Court, M. D. Pennsylvania. August 22, 1924.)

No. 417.

**1. Receivers ⊂⊃82—Powers of common-law receiver derived from order of appointment, and those of statutory receiver from statute.**

Generally speaking, a receiver is an officer or agent of the court, whose powers are derived from the order of appointment if a common-law receiver, and from statute if a statutory receiver, and, when he becomes invested with title to property, the rule still applies.

**2. Bankruptcy ⊂⊃114(1)—Powers of receiver limited by statute.**

A receiver in bankruptcy proceedings is a statutory receiver, and his powers are limited by the bounds of the statute, and what these bounds are must be read out of the statute, and of a fair inference of what is to be accomplished thereby.

**3. Bankruptcy ⊂⊃114(1)—Receiver or marshal acts as custodian of bankrupt's property.**

Under Bankruptcy Act, § 2 (Comp. St. § 9586), authorizing business of bankrupts to be conducted by receivers, marshals, or trustees, the marshal or receiver acts as custodian of bankrupt's property, and, as incidental, to continue the business at the option of the court but is not the agent of the creditors nor the representative of the bankrupt.

**4. Bankruptcy ⊂⊃115—Receiver not authorized to sue to recover bankrupt's property in absence of imminent danger of loss, waste, or deception.**

Under Bankruptcy Act (Comp. St. §§ 9585-9656), especially authorizing the trustee in bankruptcy to recover the bankrupt's estate and vesting him by operation of law with the bankrupt's title, a receiver in bankruptcy may not sue to recover property of the bankrupt in absence of imminent danger of loss or waste.

**5. Bankruptcy ⊂⊃115—Receiver before adjudication cannot sue to set aside bonds and recover interest paid in absence of imminent peril.**

Where bonds of a corporation had been held by the present holders for over five years, there was no such imminent peril as would permit a receiver before the adjudication in bankruptcy to sue to set the bonds aside and to recover interest thereon.

**6. Bankruptcy ⊂⊃115—Recovery of interest paid on bonds issued by bankrupt held not to justify bill by receiver to avoid bonds and recover interest.**

That a bill by receiver in bankruptcy before adjudication sought to recover interest

paid on bonds issued by the bankrupt, as well as to avoid the bonds, will not justify the bill in view of other remedies for that purpose.

**7. Bankruptcy ⊜115—Joinder of intervening creditors held not to help bill by receiver to avoid bonds of bankrupt.**

A suit by a receiver before adjudication of bankruptcy to avoid bonds issued by the bankrupt and to recover interest cannot be maintained by joining intervening creditors who have no standing for want of diverse citizenship.

In Equity. Suit by Howard M. Bingaman, receiver in bankruptcy of the Harrisburg Foundry & Machine Works, against the Commonwealth Trust Company and others. On motion to dismiss bill. Bill dismissed.

Daniel H. Kunkel, John F. Sweeney, and John R. Geyer, all of Harrisburg, Pa., for plaintiff.

C. H. Bergner, J. E. B. Cunningham, Spencer G. Nauman, and M. W Jacobs, all of Harrisburg, Pa., for defendants.

WITMER, District Judge. The plaintiff was appointed receiver in bankruptcy of the Harrisburg Foundry & Machine Works on November 30, 1923, following an involuntary petition in bankruptcy. On December 5, 1923, he took over all the property and assets of the company, superseding Christian W. Lynch, the state receiver previously appointed and conducting the business. The present receiver was also given the authority to continue the business of the alleged bankrupt and has continued to act as receiver until this date, no adjudication having as yet been made upon the petition filed.

On May 5, 1924, on special leave of court, the receiver filed a bill in equity which is the subject of the present controversy, having for its purpose the voiding of $100,000 of the first and refunding 6 per cent. gold bonds of the company on the ground that they were issued without consideration, in violation of section 7, art. 16, of the Constitution of Pennsylvania, and of the Act of April 17, 1876 (P. L. 30), and also for the return of interest paid upon said bonds. The bonds mentioned are a portion of an issue of $600,000, secured by mortgage or deed of trust to the Commonwealth Trust Company, a Pennsylvania corporation, trustee, and were issued on December 31, 1918, to William Jennings, trustee of a certain syndicate, who in turn distributed the same among the members of the syndicate in proportion to their respective interests, defendants herein.

At the time the bill was filed a temporary restraining order was granted against the defendants therein named to prevent them from selling or otherwise disposing of the said bonds in their possession, returnable May 15, 1924, on which date the defendants appeared by counsel and filed a motion to dismiss the bill of complaint on the ground that the receiver in bankruptcy is without standing to maintain the present action. Whether the receiver has such standing or authority in law is the question presented.

[1-3] A receiver, generally speaking, is an officer, agent, or hand of the court, and therefore his powers are limited, and are derived from the order of appointment if a common-law receiver, and from statute if a statutory receiver, and when he becomes invested with title to property the rule still applies. The receiver in a bankruptcy proceeding is a statutory receiver, hence his powers are conferred by statutes which prescribe the bounds of his limitations, circumscribing the action of the court. What these bounds are must be read out of the statute, and of a fair inference of what is to be accomplished thereby. Bearing in mind that by the Bankruptcy Act, § 2 (Comp. St. § 9586), the District Courts of the United States are made courts of bankruptcy and invested "with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings," we turn to the section (2) of the statute conferring authority to "(3) appoint receivers or the marshals, upon application of parties in interest, in case the courts shall find it absolutely necessary, for the preservation of estates, to take charge of the property of bankrupts after the filing of the petition and until it is dismissed or the trustee is qualified;  *  *  *  (5) authorize the business of bankrupts to be conducted for limited periods by receivers, the marshals, or trustees, if necessary in the best interests of the estates.  *  *  *" Concluding, it is said, "Nothing in this section [2] contained shall be construed to deprive a court of bankruptcy of any power it would possess were certain specific powers not herein enumerated." It clearly appears that it was intended that the receiver or marshal should act as a mere caretaker and custodian of the bankrupt's property, pending adjudication, and until the selection of a trustee, and incidental to it, to continue the business if the court should be satisfied that the same be serving the best interests of the estate. He is not the agent of the creditors nor the representative of the bankrupt. He is the hand of the court authorized for a limited time to conserve the property of the

estate in order that it may fall into the hands of the trustee to the best advantage for the benefit of the creditors. The creditors select the trustee, and it is he, acting for them, who is especially authorized to recover the estate and administer the same for this purpose, being vested by operation of law with the title of the bankrupt as of the date he is adjudged a bankrupt, excepting the property exempt by law. Section 23 (section 9607) confers jurisdiction on the United States Circuit Courts of all controversies at law and in equity, as distinguished from proceedings in bankruptcy between the trustee as such and adverse claimants concerning the property acquired or claimed by the trustee, in the same right and to the same extent as though bankruptcy proceedings had not been instituted and such controversy had not been between the bankrupt and such adverse claimants.

Suits by the trustee shall only be brought or prosecuted in courts where the bankrupt, whose estate is being claimed by such trustee, might be brought or prosecuted as if the proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, except suits for the recovery of property under section 60, subd. b, section 67, subd. e, and section 70, subd. e (sections 9644, 9651, 9654).

[4] The act throughout clearly bespeaks the authority and means whereby the trustee may be enabled to carry out the intentions of its framers to the extent that the estate may be recovered and distributed to those legally entitled to the same. The search is in vain to find a semblance of such authority conferred by the act on the receiver or marshal, except so far as may be inferred from their duties as custodian or caretaker. Whether the receiver before the adjudication has the implied authority to bring suit for the recovery of the property of the bankrupt not in his possession is a vexed and disputed question. Authorities may be marshaled in support of the affirmative or negative of the conclusion. No doubt it may very well be decided either way, since in the opinion of the court the matter is dependent at least to some extent upon the particular facts or circumstances of the case. As a general rule, the weight of authority is against the authority of a receiver to sue to recover such property (Boonville National Bank v. Blakey, 107 Fed. 891, 47 C. C. A. 43; In re Kolin, 134 Fed. 557, 67 C. C. A. 481; Guaranty Title & Trust Co. v. Pearlman [D. C.] 144 Fed. 550; In re Dunseath [D. C.] 168 Fed. 973; In re

Lebrecht [D. C.] 135 Fed. 878; Frost v. Latham & Co. [C. C.] 181 Fed. 866), though well considered opinions hold to the contrary (In re Fixen [D. C.] 96 Fed. 748; In re Dempster, 172 Fed. 353, 97 C. C. A. 51; In re McCallum [D. C.] 113 Fed. 393; McKenna v. Randle, 5 Alaska, 590).

It is no doubt true, as was said by Judge Amidon in Re Dempster, supra, that a receiver in bankruptcy has no power to maintain suits for the recovery of property in the possession of third parties under a claim of right which might easily be pressed too far, saying that, "When necessary for its preservation, the court may direct him to take possession of property, although the same is held adversely under a claim of right—property so situated that the trustee could only recover it by a plenary action." In so expressing himself the judge admitted the doctrine mentioned, expressing it as his opinion, however, that there was danger that it might be pressed so far as to exclude the right to be exercised in particular and exceptional cases demanded for the preservation of the estate.

Judge Hough, speaking of the courts directing the receiver to take charge of property even if it be adversely claimed in Re Haupt Bros. (D. C.) 153 Fed. 239, pronounces it to be "confessedly a most drastic remedy which should never be used except in the clearest case and prevent obvious loss through equally obvious fraud." And thus it was held that where property has been fraudulently and illegally transferred by a bankrupt within the four months' period, the court may, acting under authority of section 2 (3), appoint a receiver of such property, since by the terms of the act (section 67e) such transfer was declared null and void and the property involved to be the property of the bankrupt. Horner-Gaylord v. Miller & Benedict (D. C.) 147 Fed. 295. Collier, in his work on bankruptcy (13th Ed. p. 76), says: "In this and similar cases it was assumed that the court in the exercise of its equity jurisdiction could protect the rights of creditors by the appointment of a receiver, by injunction or any other appropriate remedy. It is suggested that if the receiver is appointed 'for the preservation of the estate' under the statute, his powers must be restricted, necessarily, to suits respecting property in the possession or which should have been in the possession of the bankrupt and constitute the corpus of the estate. The recovery of property fraudulently or preferentially transferred is a function of the trustee and ordinarily will

be left to him." So long as there is doubt about the integrity of the transfer and imminent danger of the loss, waste, or dissipation of the property is not apparent, then the rule by which the court should control its action would seem clearly to be to await the regular course of procedure and allow the trustee, after his appointment, to institute suit to test the transfer's integrity.

[5-7] An examination of the bill filed discloses no circumstances of imminent peril which would justify the court to act as in the particular cases in which the courts extended relief by injunction, nor is the bill, so to speak, an injunction bill. It is a plenary suit to set aside an issue of bonds and recover interest paid thereon; the alleged purpose for setting aside the bonds at this time being to enable the bankrupt corporation and its creditors to effect a composition and a reorganization. In this, it seems, the receiver can in no wise be legally interested, since, as was said, he is not the representative of the bankrupt nor the agent of the creditors. He is a disinterested party from the viewpoint, representing the court in its care of the property in its custody. That there is no immediate need of action necessary to preserve the estate appears from the fact that since December 31, 1918, the bonds in question have been held by the parties to whom they were issued or distributed. That the stockholders and creditors of the corporation having taken no action in the matter during this interim is convincing that no reason exists at present to suspend the general rule allowing plenary suits to await the election of a trustee. Nor will recovery of interest paid on account of the bonds in question justify the bill. Other remedies for this purpose are within reach if necessary. Furthermore, the offer to join intervening creditors cannot help out. Once the receiver drops out of the suit, the intervening creditors have no standing in this court for want of diverse citizenship.

The bill is dismissed, with costs to the defendant.