## RIVOLI DRUG CO. v. LYNCH.
### No. 6378.

Circuit Court of Appeals, Ninth Circuit.
June 1, 1931.

Robert E. Austin and John N. Helmick, both of Los Angeles, Cal., for appellant.

Samuel S. Gelberg, of Los Angeles, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and ST. SURE, District Judge.

ST. SURE, District Judge.

E. A. Lynch (appellee herein), as receiver in bankruptcy of J. T. Scully, doing business as Rivoli Pharmacy, filed a bill of complaint for accounting and appointment of receiver and injunction. Briefly stated, the bill alleged that on November 5, 1930, an involuntary petition in bankruptcy was filed against J. T. Scully, doing business as Rivoli Pharmacy; that appellee was appointed and qualified as receiver in the bankruptcy proceedings; that it is the receiver's duty, under the law, to take charge of the bankrupt's property and to preserve and protect the same until the adjudication and qualification of a trustee; that prior to the bankruptcy proceedings there were a series of transactions extending over a period of time by and between the alleged bankrupt, doing business as Rivoli Pharmacy and the Rivoli Drug Company, a corporation (appellant herein); that these transactions involved transfers of large quantities of merchandise from the store of the bankrupt to the store of the corporation, joint purchases from wholesale houses, use of the same trade-name by both stores, representations made to wholesalers and manufacturers that both stores were one and the same concern, said representations having been made for credit purposes and extension of credit by creditors on that assumption, shipment of merchandise by wholesalers to one or the other of said stores on such joint purchase orders; that transfers were made by the alleged bankrupt to appellant of a substantial portion of his stock in trade without consideration and in violation of section 3440 of the Civil Code of California; that there is an unexplained absence of any books or records of the alleged bankrupt pertaining to these transactions, and as a consequence appellee has been unable to fix the exact amount of money or property due to appellee from the alleged bankrupt, or to ascertain the exact nature of the transactions or relations between the alleged bankrupt and appellant, whether joint enterprises or partnership or either or both; that the appellant is indebted to the appellee in large sums of money or property; that the accounts between the alleged bankrupt and appellant relative to said transactions are so complicated and indefinite that appellee has no remedy at law; that there is not sufficient money or property in the hands of appellee to pay the bankrupt's creditors in full; that the liabilities are greatly in excess of the assets; that the alleged bankrupt has at all times refused and neglected to render appellee a full, true, and correct statement between the alleged bankrupt and appellant; that appellee is informed and believes the alleged bankrupt is insolvent; that there is danger of irreparable loss and injury to appellee and the creditors of the alleged bankrupt, and that it is absolutely necessary that a receiver be appointed; followed by a prayer asking for an accounting and settlement of the joint affairs and transactions of the alleged bankrupt and Rivoli Drug Company, a corporation, and the appointment of a receiver, and the usual restraining order in such cases.

Upon the verified bill, the District Court made an order appointing a receiver, and restraining Rivoli Drug Company, a corporation, from disposing of any of its property or assets, etc.

Appellant made a motion to dismiss the bill, and also a motion to discharge the receiver. Both motions were made upon the grounds that the court had no jurisdiction of the parties or subject-matter, and that the bill did not set forth a cause of action. Upon the motion to discharge the receiver, it was further alleged that the case was not a proper one for the appointment of a receiver. The motion to dismiss was heard upon the bill, and the motion to discharge was heard upon the bill and affidavits filed by the parties, and the records of the court. The motions were heard together and orders made denying same and ratifying and affirming appointment of receiver, from which this appeal is taken.

It is first contended that the court erred in denying the motion to dismiss. An examination of the bill shows that it contains all of the allegations essential in a cause for an accounting. The allegations show questionable transfers of property without consideration, confused and complicated accounts, and the absence of books of account of alleged bankrupt; the existence of a trust or fiduciary relation. See Corpus Juris, vol. 1, p. 613. Matters of account are per se within the scope of equity jurisdiction. No precise rule can be laid down as to the cases in which a court of equity will exercise its jurisdiction. The court reserves itself a large discretion upon the subject, and will take or refuse jurisdiction according to the circumstances of the case. Corpus Juris, vol. 21, § 108b, p. 132. An accounting may generally be had in equity where funds or property

are jointly owned and one party refuses to account to the other for his share thereof, if the remedy at law is inadequate. Corpus Juris, vol. 1, § 75b, p. 624. The existence of any confidential or fiduciary relation is sufficient to invoke such jurisdiction. This rule applies equally to trusts created by implication of law. Corpus Juris, vol. 1, pp. 621, 622. Equity jurisdiction may be invoked in the adjustment of rights and interests of part owners. Corpus Juris, vol. 1, p. 626.

In addition to the facts alleged in the bill, the affidavits used on the hearing show that J. T. Scully, the alleged bankrupt, and J. A. Scully are father and son; that the two stores are designated as No. 1, operated by J. T. Scully, and No. 2, operated by J. A. Scully; that J. T. Scully has paid many of the bills of store No. 2, claiming that he advanced the money to his son; that J. A. Scully claims that he is the owner of all the capital stock of the Rivoli Drug Company, a corporation; that the bank account of the corporation has been subject to checks signed by either J. T. Scully or J. A. Scully; that there were movements daily of merchandise from store No. 1 to store No. 2; that both stores were always represented by both J. T. Scully and J. A. Scully and others as being one concern; that both used the same delivery truck; that until trouble with creditors began there was only one bookkeeper for both stores, and checks for both stores were signed by J. T. Scully.

We think that the motion to dismiss was properly denied.

The second and third assignments of error relating to denial of the motion to discharge receiver and order ratifying and affirming the appointment may be considered together.

It is contended that the receiver in bankruptcy did not acquire any right to the property in controversy, or any right to bring an action therefor. All of the contentions and arguments of appellant in this behalf are implicit in the claim of want of jurisdiction, and stand or fall with our holding in that particular.

Section 11 of title 11 USCA, defines courts of bankruptcy and their powers. In clause 3 of said section it is provided that the court shall have power to "(3) appoint receivers or the marshals, upon application of parties in interest, in case the courts shall find it absolutely necessary, for the preservation of estates, to take charge of the property of

bankrupts after the filing of the petition and until it is dismissed or the trustee is qualified."

It is stated in appellee's brief, and was reiterated without denial during the oral argument before this court, that the receiver in bankruptcy, "before instituting this action, first applied for and obtained leave of court in the bankruptcy proceedings of J. T. Scully by a special petition setting forth the necessity and exigency of the case, and the court duly entered its order authorizing the receiver to bring this suit."

The question before us for decision resolves itself into this: Has the receiver the right to maintain the suit here under consideration?

In an early case in California, In re Fixen & Co., 96 F. 748, Judge Wellborn of the District Court laid down the broad rule that, where the court of bankruptcy appoints a receiver to take charge of the property of the bankrupt after the filing of the petition and until it is dismissed or the trustee is qualified, as authorized by clause 3 of section 11, the functions of such receiver are not limited to the receipt and custody of such property as may be voluntarily surrendered to him, but it is his duty to collect and recover the property by suit, if necessary, and the court has jurisdiction, in appointing such receiver, to authorize him to institute all necessary actions at law or in equity for the recovery of the bankrupt's property. Also see West v. Empire Life Ins. Co. (D. C.) 242 F. 605; McKenna v. Randle, 5 Alaska, 590; Ellis v. Feeney & Sheehan Bldg. Co., 187 App. Div. 481, 176 N. Y. S. 61, affirmed 230 N. Y. 565, 130 N. E. 895; In re Dempster (C. C. A.) 172 F. 353.

There are cases holding the contrary view. As was said in Bingaman v. Commonwealth Trust Co. (D. C. Pa.) 1 F.(2d) 505, 507, "whether the receiver before the adjudication has the implied authority to bring suit for the recovery of the property of the bankrupt not in his possession is a vexed and disputed question. Authorities may be marshaled in support of the affirmative or negative of the conclusion. No doubt it may very well be decided either way, since in the opinion of the court the matter is dependent at least to some extent upon the particular facts or circumstances of the case."

Quoting from In re Dempster (C. C. A.) 172 F. 353, 357: "It has been held that a receiver in bankruptcy has no power to maintain suits for the recovery of property in the possession of third parties under a claim

of right. Boonville National Bank v. Blakey, 107 F. 891, 47 C. C. A. 43; In re Kolin, 134 F. 557, 67 C. C. A. 481; Guaranty Title & Trust Co. v. Pearlman (D. C.) 144 F. 550. It would be easy to press the doctrine of these cases too far. It is true, as they hold, that the collection of the estate belongs to the trustee; but its preservation pending the election of a trustee is the duty of the receiver, and in many cases the property of the bankrupt can only be saved from dissipation by the receiver's taking it into his immediate actual possession. His powers in preserving the estate are larger than those of a trustee. When necessary for its preservation. the court may direct him to take possession of property, although the same is held adversely under a claim of right—property so situated that the trustee could only recover it by a plenary action. This is the express holding of the Supreme Court in Bryan v. Bernheimer, 181 U. S. 188, 21 S. Ct. 557, 45 L. Ed. 814. It is true that in that case the party having adverse possession intervened in the bankruptcy court by petition for the protection of his right. But the Supreme Court declares broadly the power of the receiver or marshal to take possession of property though held adversely. It quotes from the case of Sharpe v. Doyle, 102 U. S. 686, 26 L. Ed. 277, where the court sustained the exercise of such a power under the act of 1867 by an officer proceeding in invitum, and holds that the doctrine declared in that case is equally applicable to receivers and marshals acting under the present bankruptcy law. See, also, Feibelman v. Packard, 109 U. S. 421, 3 S. Ct. 289, 27 L. Ed. 984; In re Rochford, 124 F. 182, 59 C. C. A. 388. As the Supreme Court points out in Sharpe v. Doyle, this power is indispensable to the preservation of estates. If it did not exist, it would be possible for dishonest bankrupts and those acting in collusion with them to completely dissipate the estate. Horner-Gaylord Co. v. Miller (D. C.) 147 F. 295."

It would seem that the right is to be exercised only in particular and exceptional cases demanded for the preservation of the estate. We think it apparent from the facts before us in the instant case that the suit brought by the receiver in bankruptcy was proper as looking toward the preservation of the assets of the alleged bankrupt's estate. Otherwise, under the circumstances, the property might have been lost.

We find no error or abuse of discretion in the proceedings had in the court below; hence the orders appealed from are affirmed.