## In re SCHROM.

(District Court, N. D. Iowa, E. D.   November 23, 1899.)

1. BANKRUPTCY—RECEIVERSHIP—PROPERTY IN FOREIGN JURISDICTION.
   Where the court of bankruptcy, upon the filing of a petition in involuntary bankruptcy against an absconding debtor, has appointed a receiver to take charge of his property within its territorial jurisdiction, pending the proceedings on the petition, it will not, before any adjudication has been made, authorize or direct such receiver to bring suit in another state to obtain possession of property of the bankrupt there situate.

2. SAME—REMEDY OF CREDITORS.
   The proper course in such circumstances is for the petitioning creditors to apply to the proper court, federal or state, in such other state, setting up the pending proceedings in bankruptcy as the basis of their action, and asking for protection for their rights in the property of the debtor within that state by injunction, receivership, or other appropriate remedy, in which proceedings the trustee in bankruptcy, subsequently appointed, may appear, and take charge.

In Bankruptcy.   Submitted on petition for direction to receiver to bring suit.

Rozenthal, Kurz & Heischl, for bankrupt.

Henderson, Hurd, Lenehan & Kiesel, for petitioners.

SHIRAS, District Judge.   In this case it appears that H. B. Claflin & Co., a corporation created under the laws of the state of New York, Bell Bros. Company, an Iowa corporation, and the Gage Down Corset Company have filed a petition in this court asking that Henry Schrom be adjudged a bankrupt, and the hearing upon this petition is set down for a day in the future, after due service has been had. Accompanying these proceedings, the petitioning creditors filed an application for the immediate appointment of a receiver to take charge of the property of the alleged bankrupt, it appearing that the property consisted mainly of a stock of goods situated at Waterloo, Iowa, and another stock at Galesburg, Ill.   This court granted an order appointing a receiver to take charge of the property at Waterloo, sufficient ground being shown for such appointment.   The present application is for an order authorizing the receiver then appointed to bring suit in Illinois to obtain possession and control of the property situated in Illinois, the alleged bankrupt having absconded.   In my judgment, this application should not be granted.   The property is not within the territorial jurisdiction of this court.   The adjudication in bankruptcy has not yet been had, and this court has not yet been clothed with the full jurisdiction over the property of the alleged bankrupt that will accrue after the adjudication has taken place.   Of course, no trustee has yet been appointed.   Under these circumstances it is difficult to see how this court can exercise jurisdiction or control over the property in Illinois, or can confer any authority on its receiver to bring suit in Illinois against third parties to obtain possession of the property.   The proper course to pursue is for the petitioning creditors to take proceedings in the proper court, state or federal, in Illinois, in their own name, setting up the proceedings now pending in bankruptcy in this court as the basis of

their action, and asking that court to protect the rights of creditors in the property situated in Illinois, either by the appointment of a receiver, by injunction, or any other appropriate remedy. If the adjudication in bankruptcy is had, then the trustee who will be appointed can then appear in that case on behalf of creditors, and take control of the proceedings.