## In re WILLIAMS.

(District Court, E. D. Arkansas, W. D. February 14, 1903.)

1. BANKRUPTCY—COURTS—JURISDICTION.

Under Bankr. Act, § 2 [U. S. Comp. St. 1901, p. 3420], declaring that the courts of bankruptcy are invested within their respective territorial limits with such jurisdiction in law and equity as will enable them to exercise original jurisdiction in bankruptcy, and (subdivision 7) to cause the estates of bankrupts to be collected, reduced to money, and distributed, and (subdivision 15) to make such orders, issue such process, and enter such judgments in addition to those specifically provided as may be necessary for the enforcement of the provisions of the act, a district court of one district has no jurisdiction to grant an injunction restraining the payment of claims to an alleged bankrupt, where the bankruptcy proceedings are pending in another district.

In Bankruptcy.

This is a petition filed by certain creditors of the bankrupt, alleging that they have instituted proceedings in involuntary bankruptcy against the bankrupt in the district court of the United States for the district of Colorado, of which district the bankrupt is a resident; that said proceedings are still pending in said court undetermined, the return day having been set for some day in the future; that the bankrupt has large sums of money due him from residents of this district, which sums of money petitioners allege are liable to be paid over to him, and by him secreted or otherwise fraudulently disposed of. They thereupon pray that this court, as auxiliary to the district court for the district of Colorado, grant an injunction restraining the parties having in their hands the moneys belonging to the bankrupt from paying them over to him or otherwise disposing of them until the said Williams has been adjudicated as a bankrupt by the district court of Colorado, and a trustee elected or receiver appointed to collect these moneys.

H. W. Currey, for petitioners.

TRIEBER, District Judge. Bankruptcy courts, like all other national courts, although not courts of inferior jurisdiction, are courts of limited jurisdiction. They are creatures of the statute, and possess no powers except those conferred upon them either expressly or by necessary implication. The jurisdiction of the district courts as courts of bankruptcy is to be found in section 2 of the bankruptcy act [U. S. Comp. St. 1901, p. 3420]. The provisions applicable to this case, and which are invoked by learned counsel, are as follows:

"That the courts of bankruptcy * * * are hereby invested within their respective territorial limits * * * with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings, in vacation in chambers and during their respective terms, as they are now or may be hereafter held, to—"

And then enumerates 19 subjects, among them subdivision 7 [U. S. Comp. St. 1901, p. 3421], which is as follows:

"Cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto, except as herein otherwise provided."

And subdivision 15:

"Make such orders, issue such process, and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this act."

Does either of these provisions confer on a court of bankruptcy of one district the power to grant injunctions to prevent a loss of assets when the proceedings of bankruptcy are pending in the court of another district? The numerous decisions cited by counsel in cases which arose under the bankruptcy act of 1867 have no application to the present act, for the jurisdiction of the bankruptcy courts under that act was much greater than under the present. (These proceedings having been instituted prior to the enactment of the amendments to the bankruptcy act which became a law on February 5, 1903, those amendments cannot be considered in the case at bar, as that act provides that its provisions shall not apply to cases pending when it takes effect.) The act of 1867 conferred on bankruptcy courts jurisdiction:

"First. To all cases and controversies arising between the bankrupt and any creditor or creditors who shall claim any debt or demand under the bankruptcy. Second. To the collection of all the assets of the bankrupt. Third. To the ascertainment and liquidation of the liens and other specific claims thereto. Fourth. To the adjustment of the various priorities and conflicting interests of all parties. Fifth. To the marshaling and disposition of the different funds and assets, so as to secure the rights of all parties and due distribution of the assets among all the creditors. Sixth. To all acts, matters, and things to be done under and in virtue of the bankruptcy, until the final distribution and settlement of the estate of the bankrupt, and the close of the proceedings in bankruptcy." Section 4972, Rev. St.

And the courts uniformly held that the intention of congress under that act was to provide for the complete administration of the bankrupt system in the national courts and through the instrumentality of federal officers. As stated by Mr. Justice Bradley in Lathrop v. Drake, 91 U. S. 516, 23 L. Ed. 414, that act conferred on the district courts jurisdiction of two distinct classes:

"First, jurisdiction as a court of bankruptcy over the proceedings in bankruptcy initiated by the petition, and ending in the distribution of assets among the creditors, and the discharge or refusal of a discharge of the bankrupt; second, jurisdiction, as an ordinary court, of suits at law or in equity brought by or against the assignee in reference to alleged property of the bankrupt, or to claims alleged to be due from or to him."

The present act confers no such jurisdiction on the district courts as is mentioned by Justice Bradley in the second subdivision. On the contrary, section 23 of the act of 1898 [U. S. Comp. St. 1901, p. 3431] vests jurisdiction over "all controversies at law and in equity, as distinguished from proceedings in bankruptcy, between trustees as such and adverse claimants concerning the property acquired or claimed by the trustees, in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants," in the circuit courts of the United States and the state courts.

And subdivision "b" of that section limits the jurisdiction of the circuit courts of the United States to such suits as the bankrupt might have brought or prosecuted in them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant. Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175.

The issues in this case are therefore reduced to the simple proposition whether a bankruptcy court of a district other than that in which the proceedings are pending has jurisdiction to grant an injunction to protect the assets of the bankrupt, and aid the bankruptcy court in which the proceedings are pending to obtain possession of them. In determining this matter the court must not be influenced by an appeal that unless it assumes jurisdiction great injustice may result from such refusal. Congress alone can grant the jurisdiction, and courts overstep their constitutional limits, whenever they attempt to remedy the real or imaginary defects of the statutes.

In my opinion, the bankruptcy act confers no such jurisdiction. It makes no provision for ancillary or auxiliary proceedings in district courts other than that in which the proceedings are pending. The remedy of petitioners, if they have any, is by a proceeding in the state courts, or if, as it appears is the case in this proceeding, the bankrupt could have maintained the action in the national courts if no proceedings in bankruptcy had been instituted against him, by a plenary proceeding in the circuit court for this district. The only case arising under the present bankruptcy act cited by learned counsel is In re Schrom (D. C.) 97 Fed. 760, decided by Judge Shiras, but there is nothing in that case to sustain the contention of counsel. All that was decided by Judge Shiras in that case was that in a case of this kind the court in which the bankruptcy proceedings are pending has no power to authorize its receiver to proceed for the recovery of assets belonging to the bankrupt and situated in another district, but that the proper course to pursue is for the petitioning creditors to take proceedings in the proper court, state or federal, in that state. That course is open to petitioners in this case. They may proceed either in the courts of this state or the circuit court for this district, setting up the proceedings now pending in bankruptcy in the Colorado court, and ask the court to protect the rights of the creditors in the property situated in this district, either by an injunction or the appointment of a receiver; but this court, sitting as a court of bankruptcy, has no such jurisdiction, and the petition must be denied.