### In re SUTTER BROS.

(District Court, S. D. New York. April 28, 1904.)

1. BANKRUPTCY—COURTS—ANCILLARY JURISDICTION.
    Where proceedings were had in a federal District Court other than that in which a corporation was adjudged a bankrupt, by which a receivership was extended to property located in such other district, and various other orders were made by such court, it had ancillary jurisdiction to grant a creditor's application for the examination of witnesses as authorized by Bankr. Act July 1, 1898, c. 541, § 21a, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3431].

Sutter Bros., a corporation, was adjudged a bankrupt in the United States District Court for the Northern District of Illinois. Receivers were appointed by that court, and the receivership extended to property in the Southern District of New York on application made to the District Court of that district by petitioning creditors. Various orders were made in the Southern District of New York, in the proceeding, relating to property in that district, after which an application was made by a creditor to the District Court for the Southern District of New York, under Bankr. Act, § 21a, for the examination of witnesses, which application was granted ex parte, and an order made accordingly, after which the bankrupt moved to vacate such order for lack of jurisdiction. Motion denied.

Stern, Sanger & Barr (William J. Barr, of counsel), for the motion.
Lesser Bros. (William Lesser, of counsel), opposed.

HOLT, District Judge. I think that the order of this court making the Chicago receivers, receivers here, and the various orders made here since, make this a case pending in this court in such a sense as to authorize the order objected to, to be made. Even if no previous proceedings had been had in this court, I think that such an order could be made

here if previously authorized in the court where the proceeding is pending. With sincere respect for the court rendering the opinion in In re Williams, 10 Am. Bankr. R. 538, 123 Fed. 321, I cannot concur in it. Motion denied.