### In re VON HARTZ et al.

(Circuit Court of Appeals, Second Circuit. December 21, 1905.)

#### No. 86.

BANKRUPTCY—ADMINISTRATION OF ESTATE—JURISDICTION OF COURT—ANCILLARY PROCEEDINGS IN ANOTHER DISTRICT.

A district court has no ancillary jurisdiction under Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418], to make a summary order on the application of the trustee of a bankrupt whose estate is being administered in another district requiring a person to turn over property to the trustee.

Appeal from the District Court of the United States for the Southern District of New York.

James A. Douglas, for appellant.
Seymour K. Fuller, for appellee.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. Inasmuch as both sides concurred, upon the argument, in requesting that, in case it were found that appeal would not lie, the notice of appeal be treated as a petition to review, it will not be necessary to discuss the question whether the proper method to secure a review is by petition or appeal.

On July 13, 1904, Von Hartz and his partner were adjudicated bankrupts in a proceeding in involuntary bankruptcy duly instituted in the United States District Court for the District of New Jersey, which court on August 8, 1904, appointed a trustee in bankruptcy. Upon the petition of the trustee an order to show cause was issued by the district judge of the Southern district of New York, in which no proceeding against the bankrupts was pending, directed to the appellant, and upon the return day thereof, after hearing both sides, an order was entered summarily directing the appellant to turn over to the trustee a policy of life insurance upon the life of Von Hartz and payable at his death to his executors, administrators, or assigns, which policy had theretofore been assigned by Von Hartz to appellant. It is contended that the District Court in the Southern District of New York had no jurisdiction to make such an order.

The precise question raised here has been carefully considered in Re Williams (D. C.) 120 Fed. 38, and in Re Williams (D. C.) 123 Fed. 321. We fully concur with the reasoning in those causes, and are clearly of the opinion that the District Court, in the case at bar, had no jurisdiction to make the summary order now under review.

Order reversed.