## In re DEMPSTER.

## DEMPSTER v. WATERS–PIERCE OIL CO. et al.

(Circuit Court of Appeals, Eighth Circuit. July 26, 1909.)

Nos. 92, 2,947.

1. BANKRUPTCY (§ 100*)—ADJUDICATION—COLLATERAL ATTACK.

The validity of an adjudication of bankruptcy cannot be collaterally attacked by a creditor in a court of another jurisdiction.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 142; Dec. Dig. § 100.*]

2. BANKRUPTCY (§ 11*)—JURISDICTION OF COURT—SCOPE—PROPERTY IN OTHER DISTRICTS.

Under the bankruptcy law there are no courts of primary and ancillary jurisdiction; but the jurisdiction of the court which makes an adjudication extends to all property of the bankrupt situated anywhere in the United States, and it may make such orders with respect thereto as are necessary for the preservation, collection, and administration of such property.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 11; Dec. Dig. § 11.*

Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

3. BANKRUPTCY (§§ 104, 114*)—JURISDICTION OF COURT—ANCILLARY PROCEEDINGS.

A court of bankruptcy is without jurisdiction, on a petition or motion filed by a receiver in bankruptcy appointed in another district, to appoint an ancillary receiver or to grant an injunction to restrain a sale of property of the bankrupt within its district; its power to entertain such a petition or motion, or to grant such relief, being limited to causes or proceedings regularly pending before it.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 156, 165: Dec. Dig. §§ 104, 114.*]

4. BANKRUPTCY (§ 115*)—RECEIVERS—AUTHORITY TO MAINTAIN PLENARY SUIT.

A receiver in bankruptcy, appointed under Bankr. Act July 1, 1898, c. 541, § 2 (3), 30 Stat. 545 (U. S. Comp. St. 1901, p. 3421), is charged with the duty of preserving the property of the bankrupt, and to that end, where property is situated at a distance from the court of his appointment and is in danger of being dissipated through sales by judgment creditors, which would cause irreparable damage to the estate before he can apply to that court, he may maintain any plenary suit or action necessary for its protection in the district where the property is situated.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 165; Dec. Dig. § 115.*]

Appeal from the District Court of the United States for the Southeastern Division of the Eastern District of Missouri, in Bankruptcy.

On April 10, 1908, a petition in involuntary bankruptcy was filed in the District Court for the Southern District of New York, against the Hudson Valley Lead Company, a corporation organized under the laws of that state, asking that it be adjudged bankrupt upon its confession in writing that it was insolvent and unable to pay its debts. The following day the court appointed Harry Arnold receiver of the property of the corporation and authorized him to conduct its business. The principal estate of the bankrupt was a lead mine and machinery and other property used in working the same, situated in Southern Missouri. A few days prior to the filing of the petition in bankruptcy,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
172 F.—23

namely, March 25, 1908, the appellant, Dempster, recovered a judgment against the bankrupt in the circuit court of Madison county, Mo., for $11,380.23, upon which execution was issued and levied upon a large amount of the company's real and personal property. The sale was advertised to take place April 17th, and if carried out would have completely disrupted the business of the corporation and greatly impaired the value of the estate. On April 16th the creditors (among others the Waters-Pierce Oil Company) who filed the petition in bankruptcy in New York and the receiver presented a "petition" in the United States District Court for the Eastern District of Missouri, setting forth the proceedings in the New York court, the seizure of the property under the execution, and the imminence of the sale. It further stated that the sale would result in a preference to Dempster, and waste and destroy the estate of the bankrupt. This petition was not a bill in equity, and prayed for no subpœna or answer. It pertained to no suit or proceeding pending in the court where it was filed, but was in effect a motion made in no cause before the court. It prayed (1) for the appointment of an "ancillary" receiver to take possession of the estate in Missouri; and (2) for an injunction restraining Dempster and the sheriff from selling the property on the execution. No notice was served upon Dempster or the sheriff, but the bankrupt appeared by counsel and consented that the relief asked for be granted. On the same day, April 16th, an ex parte order was made in accordance with the prayer of the petition. The sheriff, upon this order being presented to him, turned the property over to the receiver.

June 19th Dempster applied to the trial court to vacate its order, because made without jurisdiction, and for a return of the property to the sheriff. Before this date the corporation had been adjudicated a bankrupt in the original proceeding in New York and a trustee had been duly elected and qualified. He appeared and answered the petition, not only setting up the adjudication and his own election, but further stating that Dempster had appeared repeatedly in the federal court of New York, and among other things had petitioned that court to transfer the proceeding to the United States Court for the Eastern District of Missouri. The matter came on to be heard on petition and answer, and evidence adduced by the parties. The court entered an order that the receiver appointed in the District Court in Missouri turn over to the trustee in bankruptcy appointed in the proceeding in New York "all the property of the bankrupt taken possession of by the receiver, but without prejudice to the rights of Dempster to claim and enforce in any court of competent jurisdiction any right or lien to which he may be entitled by reason of the judgment heretofore rendered in the circuit court of Madison county, Mo." It was further ordered that the injunction against Dempster and the sheriff, restraining them from interfering with the possession of the ancillary receiver, be continued as to the possession of the trustee. A review of this order is sought both by appeal and petition.

H. J. Cantwell and John C. Brown, for appellant.

E. D. Anthony, for appellees.

Before VAN DEVANTER, Circuit Judge, and RINER and AMIDON, District Judges.

AMIDON, District Judge (after stating the facts as above). The appellant mainly contends that the written admission of the corporation that it was insolvent and unable to pay its debts was collusive, and that the adjudication in bankruptcy in New York was without authority of law. This is a collateral attack upon the judgment of the New York court, which cannot be permitted. When the petition in bankruptcy in that court was filed, it was a caveat to all the world, and the appellant here was thereby made a party to that proceeding. If in his judgment is was without authority of law, or the petition was collusive, it was his duty to appear in that court and contest the proceeding, and, if dissatisfied with the judgment, seek his redress by

appeal. He cannot be heard to raise the question collaterally in another court.

We are of the opinion, however, that the entire proceeding in the trial court was coram non judice. It was definitely decided in this circuit in the case of In re Granite City Bank, 137 Fed. 818, 70 C. C. A. 316, that under the present bankruptcy law "there are no such things in bankruptcy proceedings as courts of primary and ancillary jurisdiction." The court in which the petition is filed has plenary jurisdiction in bankruptcy throughout the United States. Within that limit all the estate in the possession of the bankrupt or held by another as his property is brought immediately within the custody of the court and made subject to its protection. The filing of the petition is an attachment of the estate, and an injunction restraining any act which will interfere with its administration in bankruptcy. This jurisdiction is national, and takes no account of districts or states. In re Wood and Henderson, 210 U. S. 246, 28 Sup. Ct. 621, 52 L. Ed. 1046; In re Williams (D. C.) 123 Fed. 321, approved by the Circuit Court of Appeals of the Second Circuit, in the case of In re Von Hartz, 112 Fed. 726, 74 C. C. A. 58. See, also, In re Williams (D. C.) 120 Fed. 38; In re Schrom (D. C.) 97 Fed. 760. Any proceeding necessary for the protection of the estate had in any other district must take the form of a plenary action at law or suit in equity. A petition or motion, such as was presented to the trial court, can only be made in an action, suit, or proceeding pending in court. The appointment of a receiver or the issuance of an injunction can only be made in some cause properly before the court. Inasmuch as there was no cause or bankruptcy proceeding pending in the Eastern District of Missouri to which the petition or motion here under review could be attached as a provisional remedy, the trial court was wholly without jurisdiction to entertain the motion.

A contrary conclusion is reached in the cases of In re Benedict (D. C.) 140 Fed. 55, and In re Dunseath & Son Co. (D. C.) 168 Fed. 973, where the authorities are reviewed. The decisions there relied on, however, are misapprehended. Sherman v. Bingham, Fed. Cas. No. 12,762, and Lathrop v. Drake, 91 U. S. 516, 23 L. Ed. 414, were both plenary suits. The former was an action of assumpsit, instituted by declaration and summons, to recover money wrongfully received from the bankrupt. The latter was a suit in equity, instituted by bill and subpoena, to set aside a fraudulent preference. The question raised in these cases was whether under Bankr. Act March 2, 1867 (14 Stat. 517, c. 176), United States courts had jurisdiction of a plenary action brought by the trustee in any district other than that in which the petition was filed, and it was decided that such jurisdiction existed. Such suits are spoken of by the court as ancillary; but the word "ancillary," as there used, simply means that the suits are in aid of the court of bankruptcy in collecting the assets of the estate. They lend no countenance to the filing of a petition or motion in a court where no cause is pending.

Under the present bankruptcy law the trustee is vested with all the property belonging to the bankrupt, and may pursue any remedy

available to the owner of property. If the property has been reduced to possession, the court of bankruptcy can grant him full relief in the exercise of its summary jurisdiction. If it is held adversely, he can only recover it by plenary action or suit. The only court in which he can proceed by petition or motion is the court in which the proceeding is originally instituted. In re Williams (D. C.) 123 Fed. 321; Ross-Mecham Foundry Co. et al. v. Southern Car & Foundry Co. (D. C.) 124 Fed. 403; In re Von Hartz, 142 Fed. 726, 74 C. C. A. 58. The only cases to the contrary, besides those mentioned in the preceding paragraph, are In re Peiser (D. C.) 115 Fed. 199, in which the subject is not in any way discussed, and In re Sutter Bros. (D. C.) 131 Fed. 654, which must be regarded as overruled by the case of In re Von Hartz, 142 Fed. 726, 74 C. C. A. 58.

It does not follow, from what we have said, that the parties in interest here were without remedy. The authority of the bankruptcy court to appoint a receiver for the preservation of the estate pending the adjudication, to authorize the receiver temporarily to conduct the business of the alleged bankrupt, and to make all orders necessary for the accomplishment of those objects, applies to the entire estate of the bankrupt, wheresoever it may be situated in the United States, and is not confined to such property as may be within the district wherein the petition in bankruptcy is filed. In short, the authority to take precautions for the preservation of the estate pending the adjudication in bankruptcy is quite as broad, territorially speaking, as is the authority to collect, administer, and settle the estate after a trustee is appointed. Section 2, cl. 3, of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3421]), authorizes the court to appoint receivers "for the preservation of estates, to take charge of the property of bankrupts." Wherever the estate is in the United States, there this jurisdiction extends. In its exercise the court may authorize the receiver to take possession of property belonging to the estate wherever situated, and restrain third parties from interfering with that possession, and may also restrain them from pursuing remedies in other courts which will conflict with the duties of the receiver. In the recent case of In re Muncie Pulp Co., 151 Fed. 732, 81 C. C. A. 116, the Circuit Court of Appeals of the Second Circuit held that a court of bankruptcy in the Southern District of New York had power to authorize its receiver to take possession of real property belonging to the estate in Arkansas, and to restrain creditors residing in that state from prosecuting actions in its courts by attachment against the property. Upon the authority of that case, the court of New York in the instant case had jurisdiction to restrain the execution sale now under consideration by specific order. If the pendency of that sale was not discovered by the receiver until he reached the state of Missouri, and at a time when it would have been too late to apply to the court of his appointment, there were still several courses open to him: (1) He might have applied to the state court out of which the execution issued to restrain further proceedings thereon, and it would have been the imperative duty of that court, under section 11 of the bankruptcy act, to grant the relief. (2) The sheriff held the property as the property of the bankrupt.

Otherwise there would have been no foundation for his levy. Clarke v. Larremore, 188 U. S. 486, 23 Sup. Ct. 363, 47 L. Ed. 555. In this case the Supreme Court decided that money arising from an execution sale of the property of the bankrupt, while in possession of the officer making the sale, could be arrested and reclaimed by the trustee. Much more could property which is simply held under a levy be recovered on behalf of the estate. Holding the property as the property of the bankrupt, it would have been the duty of the sheriff, upon demand of the receiver, to acknowledge his right and suspend further proceedings under the writ. Any priorities which the creditor secured by the levy would have been fully protected in the court of bankruptcy. (3) If the state authorities had refused to accede to the requests of the receiver, he could have filed a plenary suit to enforce his right to the possession of the property and to restrain its dissipation and waste by the execution sale. It would seem that the United States Circuit Court would have jurisdiction of such a cause as a suit arising under the laws of the United States, within the meaning of the judiciary act. The limitations of section 23 of the bankruptcy law relate only to suits brought by trustees, and do not apply to suits by receivers.

It has been held that a receiver in bankruptcy has no power to maintain suits for the recovery of property in the possession of third parties under a claim of right. Boonville National Bank v. Blakey, 107 Fed. 891, 47 C. C. A. 43; In re Kolin, 134 Fed. 557, 67 C. C. A. 481; Guaranty Title & Trust Co. v. Pearlman (D. C.) 144 Fed. 550. It would be easy to press the doctrine of these cases too far. It is true, as they hold, that the collection of the estate belongs to the trustee; but its preservation pending the election of a trustee is the duty of the receiver, and in many cases the property of the bankrupt can only be saved from dissipation by the receiver's taking it into his immediate actual possession. His powers in preserving the estate are larger than those of a trustee. When necessary for its preservation, the court may direct him to take possession of property, although the same is held adversely under a claim of right—property so situated that the trustee could only recover it by a plenary action. This is the express holding of the Supreme Court in Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814. It is true that in that case the party having adverse possession intervened in the bankruptcy court by petition for the protection of his right. But the Supreme Court declares broadly the power of the receiver or marshal to take possession of property though held adversely. It quotes from the case of Sharpe v. Doyle, 102 U. S. 686, 26 L. Ed. 277, where the court sustained the exercise of such a power under the act of 1867 by an officer proceeding in invitum, and holds that the doctrine declared in that case is equally applicable to receivers and marshals acting under the present bankruptcy law. See, also, Feibelman v. Packard, 109 U. S. 421, 3 Sup. Ct. 289, 27 L. Ed. 984; In re Rochford, 124 Fed. 182, 59 C. C. A. 388. As the Supreme Court points out in Sharpe v. Doyle, this power is indispensable to the preservation of estates. If it did not exist, it would be possible for dishonest bank-

rupts and those acting in collusion with them to completely dissipate the estate. Horner-Gaylord Co. v. Miller (D. C.) 147 Fed. 295.

Peculiar circumstances might also exist, owing to the great distances in this country and the wide distribution of estates, in which it would be impossible for the receiver to apply to the court of his appointment to enforce the delivery of possession of property belonging to the estate against persons refusing to acknowledge his rights, and, when the property would be dissipated and the estate suffer irreparable loss unless prompt relief could be obtained. In such a case the receiver could, in our judgment, maintain any action or suit necessary for the protection of the estate. The authorities which hold that a receiver in bankruptcy has no power to seize property or maintain suits for the protection of the estate outside the district of his appointment confuse such a statutory receiver with the ordinary receiver in chancery. A receiver of the latter class derives all his powers from the order appointing him, and is confined to the jurisdiction of the court from which it emanates. A receiver in bankruptcy, on the contrary, not only derives his powers from the statute, but the jurisdiction of the court appointing him, as already explained, is, as to such receiverships, coextensive with the United States. This distinction is clearly recognized in Booth v. Clark, 17 How. 322, 334, 15 L. Ed. 164; Hale v. Allinson, 188 U. S. 56, 68, 23 Sup. Ct. 244, 47 L. Ed. 380. While such a receiver acts at all times under the supervision of the court, his authority to maintain suits for the protection of the estate need not be expressly granted. It would spring by implication from the nature of his duties.

The question brought to this court in the present case is a naked question of law arising upon uncontroverted facts, and can well be dealt with under the petition to revise. The appeal is therefore dismissed.

It follows, from what we have said, that in no possible view of the matter was the court below possessed of jurisdiction to entertain this proceeding. Its order or decree must therefore be reversed, with a direction to dismiss the petition or motion without prejudice to the rights of any of the parties concerned; and it is so ordered.