## In re MADIGAN.

### (District Court, S. D. New York. August 1, 1918.)

1. BANKRUPTCY ⟨⟩421(1)—DISCHARGEABLE LIABILITIES—JUDGMENT FOR NEGLIGENCE.

   A judgment for damages caused by negligence is dischargeable in bankruptcy.

2. BANKRUPTCY ⟨⟩393—RELEASE FROM IMPRISONMENT.

   Where bankrupt, having recklessly driven an automobile, was arrested under order of the state court made prior to filing of his voluntary petition in bankruptcy, and judgment was recovered against him, he could be released by the bankruptcy court having jurisdiction pending his application for discharge; the judgment being dischargeable in bankruptcy.

3. BANKRUPTCY ⟨⟩293(1)—DISCHARGE OF BANKRUPT FROM ARREST—POWER OF COURT IN ANCILLARY PROCEEDINGS.

   A bankruptcy court in ancillary proceedings has power to discharge a bankrupt from an arrest made prior to the bankruptcy proceedings, where he has the substantive right to relief.

In Bankruptcy. In the matter of Andrew M. Madigan, bankrupt. On motion by bankrupt for discharge from arrest. Granted.

Edward F. Lindsay, of New York City, for judgment creditor.
Barney & Schuldenfrei, of New York City, for bankrupt.

AUGUSTUS N. HAND, District Judge. [1-3] The judgment here was for negligence, due to the reckless driving of an automobile, and is in my opinion dischargeable in bankruptcy. The bankrupt was arrested under an order of the state court made prior to the filing of his voluntary petition in bankruptcy in the Eastern district, and is now on the jail limits. That proceeding has now gone to adjudication, and, under my decision in Matter of Margiasso, 38 Am. Bankr. Rep. 524, 242 Fed. 990, the bankrupt may be released pending his application for a discharge, unless the court is without jurisdiction because the bankruptcy proceedings are not in this district. Under the decision in Re Von Hartz, 142 Fed. 726, 74 C. C. A. 58, I would be without jurisdiction, and the amendment of 1910 (Act July 1, 1898, c. 541, 30 Stat. 544, as amended by Act June 25, 1910, c. 412, 36 Stat. 838), which only extended ancillary jurisdiction "in aid of a receiver or trustee," would not avail. But that decision has been expressly disapproved by the Supreme Court in Babbitt v. Dutcher, 216 U. S. at page 114, 30 Sup.

Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969. I think, if a bankrupt has the substantive right to relief, there is, under the doctrine of Babbitt v. Dutcher, supra, a remedy in this court ancillary to the proceeding in the Eastern district.

The motion is granted.