### In re FLAHERTY et al.

(District Court, N. D. Iowa, C. D. May 12, 1920.)

1. **Bankruptcy ⬅15—Nonresidence of partner does not affect jurisdiction to adjudicate partnership bankrupt.**

    The fact that a partner is a nonresident of the district and state in which the partnership is located in business does not affect the jurisdiction of the court in that district to adjudicate the partnership a bankrupt.

2. **Bankruptcy ⬅224—Referee without authority to review order of court.**

    Where a District Judge has entertained ancillary proceedings in bankruptcy, a referee to whom the matter is referred to proceed under the order has no authority to determine that the court was without jurisdiction to make such order.

3. **Bankruptcy ⬅100(1)—Adjudication will not be reviewed by court in ancillary proceedings.**

    A District Court, in the exercise of its ancillary jurisdiction, under Bankruptcy Act, § 2 (20), as added by amendment of June 25, 1910 (Comp. St. § 9586), will not review the action of the court of original jurisdiction in adjudicating a partnership bankrupt and in determining who are members of the partnership.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Bankruptcy ☞93—Jury trial waived by bankrupt, unless demanded in time fixed.**

A person alleged in an involuntary petition against a partnership to be a member of such partnership is not entitled to a jury trial on such issue nor, under Bankruptcy Act, § 19a (Comp. St. § 9603), on the questions of insolvency or the commission of acts of bankruptcy, unless demanded at or before the time answer is due.

In Bankruptcy. In the matter of George L. Flaherty and Clara R. Carter, alleged partners doing business in Montana under the firm name of George L. Flaherty, bankrupt. Submitted on petition of Frederick D. Whisler, as trustee in bankruptcy of the above-named bankrupt firm, to review an order of C. A. Bryant, one of the referees in bankruptcy in and for this district, denying the jurisdiction of this court to entertain ancillary proceedings in bankruptcy by said trustee in this district upon a judgment and decree of the United States District Court for the District of Montana, to subject the individual property of Clara R. Carter, a member of said bankrupt firm residing and domiciled in this district, to the payment so far as necessary of the debts of said firm so adjudged bankrupt by the United States District Court for the District of Montana. Reversed.

The facts in this case, as disclosed by the pleadings and record, are not in serious dispute, and briefly stated are substantially as follows:

That George L. Flaherty, a resident of Missoula, Mont., was in 1917 there engaged in the business of a retail jeweler. At that time the defendant Clara R. Carter was residing at Ft. Dodge, in the Northern district of Iowa, where she still resides. On the 11th day of December, 1918, Frederick D. Whisler, as trustee in bankruptcy of George L. Flaherty and Clara R. Carter, alleged copartners doing business under the firm name and style of George L. Flaherty, presented to this court at chambers in Cresco, Iowa, a petition as follows:

"That on the 26th day of September, 1917, by the consideration of the United States District Court for the District of Montana, sitting in bankruptcy at Butte, in said state, above-named George L. Flaherty and Clara R. Carter, as alleged copartners, were doing business as such at Missoula, Mont., under the firm name and style of George L. Flaherty, were adjudicated bankrupt upon an involuntary petition filed against them on the 29th day of August, 1917, a copy of which petition and the order of adjudication of said partnership are on file with the clerk and referred to as part hereof as Exhibits A and B, respectively. That thereupon the administration of the estate of said bankrupt was duly referred by the judge of said court to Leon L. Bulen, a referee in bankruptcy, at Missoula, Mont., the order of reference being referred to and made a part hereof as Exhibit C, and thereafter such proceedings were had that your petitioner was duly appointed trustee of said bankrupt estate, and duly qualified, and has ever since been acting as such trustee. Certified copies of the order so appointing the petitioner and of his bond as trustee are referred to and made a part hereof as Exhibits D and E, respectively.

"That in said partnership proceedings it was discovered and ascertained that Clara R. Carter, a member of said copartnership, was and is a resident of Ft. Dodge, in the Northern district of Iowa, and that such partnership actually did exist at the time of said adjudication; that Clara R. Carter has ever since and now does disclaim any such partnership interest in said firm, and has refused to appear and does refuse to appear and satisfy the debts and provable claims of said bankrupt estate, although requested so to do; that attached hereto and referred to as Exhibit G is a memorandum of claims, the amount of dividends paid, and the balance in the hands of the

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

trustee, and that there remains due to the creditors of said bankrupt partnership approximately $15,000; that there are no partnership assets from which the same can be realized or paid, and that there are no assets of the said George L. Flaherty to pay the same; that in the involuntary bankruptcy proceedings hereinbefore mentioned the said partnership and the said Flaherty individually filed schedules of assets and liabilities with the referee, to whom the said proceedings were referred as before alleged, and that presented and filed herewith are certified copies of such schedules, which copies the petitioner will file herewith in this court.

"That thereafter the said George L. Flaherty individually filed a voluntary petition in bankruptcy in said court, and on the 18th day of January, 1918, was individually adjudicated a bankrupt at Helena, in said state; a certified copy of such order of adjudication being referred to as part hereof and marked Exhibit F. That said Clara R. Carter owns a large amount of real estate and stock in corporations in the Northern district of Iowa and elsewhere, and that in order to secure the creditors of said estate, and protect such creditors, it is necessary to institute ancillary proceedings in the United States District Court for the Northern District of Iowa, Central Division, against the said Clara R. Carter, in order that the provable claims of the creditors of said estate may be paid and satisfied.

"That on the 4th day of December, 1918, your petitioner applied to said Referee Bulen for an order allowing your petitioner authority to institute ancillary proceedings in this court; a copy of such petition and order being referred to as part hereof and marked Exhibit H. That at said time your petitioner also made application to said referee for the appointment of Madeen & Russell, attorneys at law, Missoula, Mont., as attorneys for your petitioner to institute such ancillary proceedings, which petition and the order of the referee thereon are referred to as parts hereof and marked Exhibits I and J, respectively.

"Frederick D. Whisler being first duly sworn on oath deposes and says: That he is the trustee named in the above petition and the person who made the foregoing application; that he has read said petition and knows the contents thereof; and that the facts therein stated are true to the best of his knowledge and belief.                         [Signed] Frederick D. Whisler.

"Subscribed and sworn to before me this 7th day of December, 1918.
                                        "[Signed]  Ralph L. Arnold,

"Notary Public for the State of Montana, Residing at Missoula, Montana.
"Wherefore, your petitioner, as trustee of George L. Flaherty and Clara R. Carter, as copartners doing business under the firm name and style of George L. Flaherty, bankrupt, at Missoula, Mont., respectfully prays this court for an order allowing ancillary proceedings herein in aid of your petitioner as such trustee."

Upon presentation of said petition and accompanying documents, this court on December 11, 1918, made an order as follows:

"Upon this 11th day of December, 1918, the petition of Frederick D. Whisler, as trustee in bankruptcy of George L. Flaherty and Clara R. Carter, as copartners doing business under the firm name and style of George L. Flaherty, bankrupt, having come on to be heard by the court in chambers, and it being shown to the satisfaction of the court that the above-named George L. Flaherty and Clara R. Carter, as copartners doing business under the firm name and style of George L. Flaherty, have been fully adjudicated a bankrupt by the United States District Court for the District of Montana, and that the administration of its and their estate has been referred to Leon L. Bulen, Esq., of Missoula, Mont., as referee in bankruptcy, that the petitioner, Frederick D. Whisler, is the duly appointed and qualified trustee of said bankrupt, and that it is proper and necessary, in aid of said trustee, that ancillary proceedings be instituted and had in the Central Division of the Northern District of the United States District Court for the state of Iowa;

"Now, upon motion of Madeen & Russell, Esqs., attorneys for said trustee, it is hereby ordered that the prayer of said petitioner be and it is hereby granted, and ancillary proceedings in aid of said Frederick D. Whisler, as

trustee of said George L. Flaherty and Clara R. Carter, as copartners doing business under the firm name and style of George L. Flaherty, bankrupt, be and they are hereby instituted in this Court.    It is hereby further ordered that said ancillary proceedings and matters arising in connection therewith be and they are hereby referred to C. A. Bryant, Esq., at Ft. Dodge, Iowa, a referee in bankruptcy in this court, to take such action and make such orders as may be proper in the premises.

"Dated at Chambers in Cresco, Iowa, this 11th day of December, 1918.
"[Signed]    Henry T. Reed,
, "United States District Judge, Northern District of Iowa."

That said involuntary petition against the said George L. Flaherty and Clara R. Carter, as copartners doing business under the firm name and style of George L. Flaherty, alleged bankrupt, is in due form, and omitting the formal parts, is substantially as follows:

That George L. Flaherty, of Missoula, Mont., and Clara R. Carter, a resident of Ft. Dodge, Iowa, are now and at all times herein mentioned were copartners doing business under the firm name and style of George L. Flaherty, and have had their principal place of business at Missoula, in the district of Montana, for the greater portion of the six months next preceding the date of the filing of this petition; that the said copartnership and the said George L. Flaherty, individual partner, are insolvent and owe debts to the amount of approximately $21,000, and are neither wage-earners, nor persons engaged principally in farming or the tillage of the soil, but during all said times have been and now are conducting and carrying on the business of retailing jewelry. That the nature and amount of petitioners' claims are as follows:

Hayden W. Wheeler & Co., on open account....................$1,438.99
Two notes, dated May 10, 1917, aggregating...................  1,691.91
                                                             -----------
                                                              $3,130.90

—both notes payable upon demand, and no part of said account or either of said notes have been paid;

White, Wile & Warner, an open account for $924.47, and no part thereof has been paid.

Jones, Mounts & Jones, an open account for $226.09, no part thereof has been paid.

Your petitioners further represent that the said George L. Flaherty, a copartnership, the above alleged bankrupt, and George L. Flaherty as individual partner, while insolvent and within four months next preceding the date of the filing of this petition, committed acts of bankruptcy, in that it and he did, within said four months, and while so insolvent, commit acts of bankruptcy, as follows:    (1) Transfer to Strauss & Strauss, a corporation and creditor of said bankrupt, a portion of its stock of merchandise at Missoula, Mont., of the value of $175 and upwards, for and in satisfaction of a debt then and theretofore owing by said bankrupt to said Strauss & Strauss;    (2) also while so insolvent did transfer to Eisenstadt Manufacturing Company, a creditor of said bankrupt, merchandise from its stock at Missoula, Mont., of the value of approximately $187.50 and upwards, in payment and satisfaction of a debt then and theretofore owing by said bankrupt to said Eisenstadt Manufacturing Company—both of said transfers being with intent to prefer said creditors over their other creditors and to give them a preference over their other creditors of the same class.    (3) And your petitioners further represent that said George L. Flaherty and Clara R. Carter, a copartnership, bankrupt as above alleged, and George L. Flaherty as individual partner, while insolvent and within four months next preceding the date of the filing of this petition, committed an act of bankruptcy, in that it and he did heretofore within the said time admit in writing its inability to pay its debts and its willingness to be adjudged a bankrupt upon that ground.

Wherefore your petitioners pray that service of this petition, with a subpœna, may be made upon the said George L. Flaherty and Clara R. Carter, as copartners doing business under the firm name and style of George L.

Flaherty, and upon George L. Flaherty, individual partner, as provided in the acts of Congress relating to bankruptcy, and that the firm of George L. Flaherty and George L. Flaherty individually may be adjudged bankrupt within the purview of said acts of Congress.

Which said petition is signed by the petitioners by their attorneys, and is verified and sworn to by Chas. N. Madeen before a notary public on August 28, 1917.

The return of service upon the foregoing petition reads as follows:

"United States of America, District of Montana—ss.:

"I hereby certify and return that I served the annexed subpœna and petition on the therein named George L. Flaherty and Clara R. Carter, as copartners doing business under the firm name and style of George L. Flaherty, by handing to and leaving a true and correct [copy] with George L. Flaherty, and on the therein named George L. Flaherty, by handing to and leaving a true and correct copy thereof with him personally at Missoula, Missoula county, in said district, on the 5th day of Sept., A. D. 1917.

"Jos. L. Asbridge, U. S. Marshal,
"By P. J. Moore, Deputy."

The order of adjudication, above referred to, reads as follows:

"In the District Court of the United States in and for the District of Montana.

"In the Matter of George L. Flaherty and Clara R. Carter, as Copartners Doing Business under the Firm Name and Style of George L. Flaherty, Bankrupt. No. 992.

"At Butte, in said district, on the 26th day of September, A. D. 1917, before the Honorable Geo. M. Bourquin, judge of said court in bankruptcy, the petition of Hayden W. Wheeler & Co. and Jones, Mount & Jones, Incorporated, corporations, and White, Wile & Warner, Incorporated, a corporation, that George L. Flaherty and Clara R. Carter, as copartners doing business under the firm name and style of George L. Flaherty, be adjudged a bankrupt, within the true intent and meaning of the acts of Congress relating to bankruptcy, having been heard and duly considered, the said George L. Flaherty and Clara R. Carter, as copartners doing business under the firm name and style of George L. Flaherty, are hereby declared and adjudged bankrupt accordingly.

"Witness the Honorable Geo. M. Bourquin, judge of said court, and the seal thereof, at Butte, in said district on the 26th day of September, A. D. 1917.

"[Seal of Said Court.]                Geo. W. Sproule, Clerk.
"By H. H. Walker, Deputy Clerk."

The said bankruptcy matter was thereupon duly referred to Referee Bulen, as hereinbefore stated. That on the 12th day of December, 1918, the said order allowing ancillary proceedings to be instituted in the above-entitled matter in this court was duly filed in the office of the clerk of the United States District Court, Northern District of Iowa, Central Division, at Ft. Dodge, and duly entered of record therein; and on said date said proceedings were duly referred to C. A. Bryant, referee in bankruptcy in and for the Central Division, and on the same date the said referee made an order to show cause, as follows:

"In the Matter of George L. Flaherty and Clara R. Carter, as Copartners, Doing Business under the Firm Name and Style of George L. Flaherty, Bankrupt.

"In Bankruptcy.    Order to Show Cause.

*    *    *    *    *    *    *    *    *    *    *    *

"It is hereby ordered that the said Clara R. Carter, within ten days from the service of this order upon her, file in this court with the undersigned referee in bankruptcy, at his office in Ft. Dodge, Iowa, a true schedule and inventory of her assets, real and personal, and all property, real and personal, in which she may claim or have any right or interest, specifying such right or interest, or that the said Clara R. Carter be and she hereby is required to appear before the undersigned, referee in bankruptcy, at the office of the

said referee in the city of Ft. Dodge, Iowa, upon the 30th day of Dec., 1918, at 10 o'clock in the forenoon of said day, and there show cause, if any she has, why a peremptory order should not be made and entered requiring her so to do. And it is further ordered that service of this order be personally made upon the said Clara R. Carter.

"In testimony whereof, I have hereunto set my hand this 12th day of December, 1918. [Signed] C. A. Bryant, Referee in Bankruptcy."

Which said order was duly served personally on the said Clara R. Carter on the 12th day of December, 1918, at Ft. Dodge, Iowa, by the deputy marshal of this district.

At the time set for the hearing of the order requiring the said Clara R. Carter to appear and show cause why she should not file a list of her assets and liabilities as required by said order, the said Clara R. Carter appeared specially by counsel and filed a plea in abatement to the proceedings, and to the jurisdiction of this court, to entertain ancillary proceedings in said cause upon the grounds :

(1) That the referee and this court are without jurisdiction to entertain ancillary proceedings in bankruptcy in this cause, for the reason that at the time of the adjudication of George L. Flaherty and Clara R. Carter, doing business under the firm name and style of George L. Flaherty, the said Clara R. Carter was not then a citizen or resident of Montana, and was not engaged in business at any place within said state.

(2) That she was not at the time of the adjudication of said bankrupt copartnership a resident of or doing business in said state of Montana, and that said District Court of Montana was without jurisdiction for that reason to entertain such proceedings against the firm of George L. Flaherty, a copartnership and bankrupt, and that the adjudication of such firm as such by the United States District Court of Montana is void.

(3) That she has not been personally served with any notice of the filing of the ancillary proceedings in this court.

(4) That there is no averment in any of such pleadings that she is insolvent, and that she is entitled to a hearing on the question of her alleged bankruptcy, and to a jury trial upon the question of her solvency, and whether or not she was a member of the firm of George L. Flaherty; that she has never waived her right to such a trial, and she now insists upon and demands that she have a jury trial upon such questions.

These matters are stated at great length and with many repetitions, covering something like eight pages of closely typewritten matter. By stipulation the cause was submitted upon typewritten briefs to the referee, who upon due consideration filed an order as follows:

"After due consideration * * * I conclude that the United States District Court for the District of Montana has acquired no jurisdiction of either the person or the property of Clara R. Carter, and that in consequence thereof the referee is without jurisdiction to require her to file in this court any schedule of assets and liabilities or list of creditors. The plea in abatement and to the jurisdiction of the referee is sustained, and the application for an order to require the respondent, Clara R. Carter, to file schedule of assets and liabilities, is denied.

"[Signed] C. A. Bryant, Referee in Bankruptcy."

To the foregoing order of the referee the trustee petitions for a review upon the grounds :

1. That said referee erred in finding that the United States District Court for the District of Montana has no jurisdiction of either the person or the property of Clara R. Carter.

2. That said referee erred in finding that the referee was without jurisdiction to require Clara R. Carter to file a schedule of her assets and liabilities.

Madeen & Russell, of Missoula, Mont., and Healy & Faville, of Ft. Dodge, Iowa, for trustee.

Kelleher, Hanson & Mitchell and Healy & Thomas, all of Ft. Dodge, Iowa, for Clara R. Carter.

REED, District Judge (after stating the facts as above). From the foregoing statement it seems plain that this court has and had undoubted jurisdiction to exercise proceedings in bankruptcy in aid of the United States District Court for the District of Montana against George L. Flaherty and Clara R. Carter as copartners under the firm name and style of George L. Flaherty, doing business as such partners in Missoula, Mont., and that said United States District Court for the District of Montana had jurisdiction to adjudicate said George L. Flaherty and Clara R. Carter as an involuntary bankrupt, if it was in fact such a partnership.

It was formerly held by several of the lower federal courts that the bankruptcy courts, under the present Bankruptcy Act as originally enacted, had no ancillary jurisdiction beyond their territorial limits in aid of bankruptcy courts in other districts than their own. In re Williams (D. C.) 120 Fed. 38; In re Williams (D. C.) 123 Fed. 321; In re Sutter Bros. (D. C.) 131 Fed. 654; In re Von Hartz et al., 142 Fed. 726, 74 C. C. A. 58 (C. C. A. 2d Circuit). But in Babbitt, Trustee, v. Dutcher, 216 U. S. 102, 30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969, and Elkus, Petitioner, v. Madson Steele Co., Bankrupt, 216 U. S. 115, 30 Sup. Ct. 377, 54 L. Ed. 407, it is held that the respective District Courts of the United States under said act as so enacted, sitting in bankruptcy, have ancillary jurisdiction to make orders and to issue process in aid of proceedings pending and being administered in the District Court of another district, and that courts of bankruptcy have jurisdiction to grant orders for the examination of witnesses who reside within their own district, although the bankruptcy proceedings in which the examination is desired are being administered in the original court of bankruptcy sitting in another district, in aid of the court having original jurisdiction in bankruptcy.

In the Elkus Case the opinion is by Chief Justice Fuller, who recites the facts as follows:

"On the 28th day of February, 1908, a petition in involuntary bankruptcy was filed in the United States District Court for the Northern District of Illinois against the Madson Steele Company, and in due course the said corporation was adjudicated a bankrupt, and Frank M. McKey was appointed its trustee in bankruptcy. Application was made to the United States District Court for the Southern District of New York for an authorization to examine pursuant to the provision of section 21a of the national Bankruptcy Act, the officers of a New York corporation which it was alleged had, within four months prior to the filing of the petition in bankruptcy, received a payment under circumstances which would permit of recovery by the trustee in bankruptcy as a voidable preference. These officers were residents of the Southern district of New York. The application in the Southern district of New York was made on behalf of the trustee of the bankrupt's estate, which was being administered in the Northern district of Illinois, and the order proposed for signature required the examination of witnesses within the jurisdiction of the District Court for the Southern district of New York, and the production of books and vouchers which contained transactions between the bankrupt corporation and the New York corporation. The United States District Court for the Southern District of New York refused to direct the appearance and examination of the said witnesses, on the ground that it had no jurisdiction to grant an order for examination in a proceeding which was not pending within its own district, and from the order denying the right to examine the petition to review was taken to this court.

"The questions submitted are: 'I. Did the United States District Court for the Southern District of New York have jurisdiction to grant an order for the examination of witnesses, who were residents of that district, when the bankrupt proceedings in which the examination was desired were being administered in the Northern district of Illinois? II. Have the respective District Courts of the United States sitting in bankruptcy ancillary jurisdiction to make orders and issue process in aid of proceedings pending and being administered in the District Court of another district?' On the authority of Babbitt, Trustee, v. Dutcher, just decided, ante p. 102, we answer both questions in the affirmative, and it will be so certified."

These cases were decided February 21, 1910, prior to the amendment of the Bankruptcy Act of that year, section 2 (Comp. St. § 9586) of which is amended by striking from clause 19 the word "and" and adding a new clause, to be known as clause 20, so that said clauses shall read as follows:

"(19) Transfer cases to other courts of bankruptcy; and
"(20) Exercise ancillary jurisdiction over persons or property within their respective territorial limits in aid of a receiver or trustee appointed in any bankruptcy proceedings pending in any other court of bankruptcy."

Whatever doubts may have existed as to the right of the several District Courts to exercise ancillary jurisdiction under the present Bankruptcy Act before its amendment in 1910 is put at rest by the decision of the Supreme Court in Babbitt v. Dutcher, 216 U. S. 102, 30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969, and Elkus, Petitioner, v. Madson Steele Co., Bankrupt, 216 U. S. 115, 30 Sup. Ct. 377, 54 L. Ed. 407, and by the amendment of section 2 of the Act of June 25, 1910.

The order of this court upon December 11, 1918, granting ancillary jurisdiction in this district to Frederick D. Whisler, as trustee of George L. Flaherty and Clara R. Carter, as copartners, if they are in fact copartners, is well within its jurisdiction, and upon filing said order with the clerk of this court in the Central division, the order of the referee was issued, directing the said Clara R. Carter to appear before him upon a date fixed and show cause why she should not file in this district schedules of her assets and liabilities, and otherwise comply with the order of this court in aid of the United States District Court of Montana, where the proceedings against her and her alleged copartner, George L. Flaherty, under the firm name of George L. Flaherty, is pending.

Instead of complying with such order of the referee and of this court granting ancillary proceedings herein in aid of the proceedings in the United States District Court of Montana, Clara R. Carter appeared specially by counsel and filed a plea in abatement to the proceedings in this court, and to the jurisdiction of this court to entertain ancillary proceedings in said cause upon the grounds:

(1) That this court and the referee are without jurisdiction to entertain ancillary proceedings in bankruptcy in this cause, for the reason that, at the time of the adjudication of George L. Flaherty and Clara R. Carter, doing business under the firm name and style of George L. Flaherty, the said Clara R. Carter was not then a

citizen or resident of Montana, and was not engaged in business at any place within said state.

(2) That she was not at the time of the adjudication of said bankrupt copartnership a resident of or doing business in said state of Montana, and that said District Court of Montana was without jurisdiction for that reason to entertain such proceedings against the firm of George L. Flaherty, a copartnership, and that the adjudication of such firm is void.

(3) That she has not been personally served with any notice of the filing of the ancillary proceedings in this court.

(4) That there is no averment in any of such pleadings that she is insolvent; that she is entitled to a hearing on the question of her alleged bankruptcy, and to a jury trial upon the question of her solvency, and whether or not she was a member of the firm of George L. Flaherty; that she has never waived her right to such trial, and she now insists upon and demands that she have a jury trial upon such questions.

[1] That the United States District Court of Montana had jurisdiction to adjudge George L. Flaherty and Clara R. Carter, as partners, bankrupt, if they were and are copartners, is not and cannot be doubted, and the involuntary petition filed against them in the United States District Court for the District of Montana alleges that they are now and at all times therein mentioned were copartners doing business under the firm name and style of George L. Flaherty, and have had their principal place of business at Missoula, Mont., for the greater portion of the six months next preceding the date of filing said petition, and that the said copartnership and the said George L. Flaherty, individual partner, are insolvent and owe debts to the amount of approximately $21,000. The nature and amount of the petitioners' claims are set forth, and the petition further alleges, as to the said George L. Flaherty, a copartnership, and George L. Flaherty, as individual partner, while insolvent, and within four months next preceding the date of the filing of said petition, that it and he did within said four months, and while so insolvent, commit acts of bankruptcy.

These allegations, which fully appear in the involuntary petition in bankruptcy in the District of Montana, are sufficient to show the jurisdiction in bankruptcy in that court to determine the facts therein alleged. The fact, conceding it to be a fact, that Mrs. Carter was not then a resident of Montana, is not material; for, if she was then a resident of Ft. Dodge, Iowa, as claimed, that would not prevent her from engaging in business in Montana, either individually or as a partner of George L. Flaherty under the name of George L. Flaherty, or any other name, as copartners, that they cared to adopt. George L. Flaherty, the alleged partner, it is not disputed was at the time alleged a resident of Missoula, Mont., and service upon him was a good service upon the copartnership. He was within the jurisdiction of the United States District Court for the District of Montana, and subject to its jurisdiction, and that court has adjudged the alleged copartnership to be an involuntary bankrupt, and this court has an-

cillary jurisdiction to aid the District Court of Montana, and it has issued an order accordingly, and referred the matter to Referee Bryant for further proceedings under its order granting ancillary jurisdiction by this court. In pursuance to that reference the referee issued an order requiring Mrs. Carter to appear before him on a date named and file a schedule of her assets and liabilities, to the end that the United States District Court for the District of Montana may collect the partnership assets and properly distribute them to those entitled thereto.

[2, 3] The referee, instead of requiring obedience to the order of this court authorizing ancillary proceedings in aid of the United States District Court of Montana, decided that this court had no jurisdiction to make such order. In deciding that this court, or the United States District Court of Montana had no jurisdiction to grant ancillary proceedings in this district, the referee exceeded his authority. If he felt that this court had no jurisdiction to grant ancillary proceedings, he should have simply declined to act, and so reported to this court. Neither the referee nor this court will review the judgment of the District Court of Montana adjudicating the copartnership of George L. Flaherty a bankrupt.

Counsel for Mrs. Carter have cited a number of cases holding in effect that this court cannot exercise ancillary jurisdiction in aid of the Montana court; but they are all, we think, prior to the decision of the Supreme Court in Babbitt v. Dutcher, 216 U. S. 102, 30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969, Elkus, Petitioner, v. Madson Steele Co., Bankrupt, 216 U. S. 115, 30 Sup. Ct. 377, 54 L. Ed. 407, and Francis v. McNeal, 228 U. S. 695, 33 Sup. Ct. 701, 57 L. Ed. 1029, L. R. A. 1015E, 706. See, also, Armstrong v. Fisher, 224 Fed. 97, 139 C. C. A. 653, and Armstrong v. Norris, 247 Fed. 253, 159 C. C. A. 347, decided by this court, which seem to cover every question urged by counsel in behalf of Mrs. Carter, and require that the order of the referee be vacated and set aside. Clearly the referee cannot review the order of the Montana court, nor will this court review the decision of that court.

[4] Counsel also urge that Mrs. Carter is entitled to a jury trial upon the question of her insolvency and any act of bankruptcy alleged in such petition under sections 18 and 19 of the Bankruptcy Act (Comp. St. §§ 9602, 9603); but section 19a provides that—

"A person against whom an involuntary petition has been filed shall be entitled to have a trial by jury, in respect to the question of his insolvency, except as herein otherwise provided, and any act of bankruptcy alleged in such petition to have been committed, upon filing a written application therefor at or before the time within which an answer may be filed. If such application is not filed *within such time*, a trial by jury shall be deemed to have been waived."

In no event, however, is she entitled as matter of right to a jury trial on the question of her being a member of the partnership. The order of the referee, finding that the United States District Court of Montana was without jurisdiction to adjudge the copartnership of George L. Flaherty a bankrupt, is vacated and set aside.

This court may require the alleged bankrupt, Clara R. Carter, to appear before a referee of this court, as such referee or as special master, and submit to an examination by the trustee or his counsel as to her alleged copartnership with George L. Flaherty, and her business transactions with him, upon application of the trustee therefor, if he shall deem best to make such application to the court.

It is ordered accordingly.